### UNITED STATES v. STORY.

(Circuit Court of Appeals, Fifth Circuit.  November 30, 1923.)

No. 4046.

I. Intoxicating liquors ⬤⇒250—Vehicles used in illegal transportation may be forfeited under federal law by seizure by state officers.

Since Const. Amend. 18, vests concurrent enforcement powers in the state, and since Rev. St. § 1014 (Comp. St. § 1674), providing for arrest of offenders against the laws of the United States by state magistrates,

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

agreeably to the usual mode of process against offenders in such state, has been adopted by National Prohibition Act, tit. 2, § 2 (Comp. St. Ann. Supp. 1923, § 10138½a), the machinery of section 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), relating to the forfeiture of vehicles used in illegal transportation of intoxicating liquors, may be set in motion by a seizure by state officers.

2. **Intoxicating liquors** ☞247—**Vehicle used in illegal transportation properly forfeited, although not offending when delivered to United States marshal.**

That an automobile alleged to have been used in the illegal transportation of intoxicating liquor was seized by state officers and by them surrendered to the United States marshal did not justify a judgment for claimant thereof, on the ground that the vehicle was not offending at the time of its surrender; it being sufficient that it was offending when its owner was arrested and the vehicle seized, the regularity of the seizure not being a necessary condition to a condemnation, if there is sufficient ground for an adjudication of forfeiture.

3. **Intoxicating liquors** ☞244—**Remedy by forfeiture of vehicle used in illegal transportation under National Prohibition Act held not exclusive.**

The remedy of forfeiture of vehicles used in unlawful transportation of intoxicating liquors afforded by National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), is not exclusive, but is cumulative of other remedies, and need not be adopted because the liquor seized with it was ordered destroyed in the criminal cause; destruction of the liquor and forfeiture of the vehicle being rights of different nature.

In Error to the District Court of the United States for the Western District of Texas; William R. Smith, Judge.

Information by the United States, in the nature of a libel, to condemn an automobile, wherein J. R. Story files claim. Information dismissed, and the United States brings error. Reversed and remanded.

John D. Hartman, U. S. Atty., and W. C. Williams, Asst. U. S. Atty., both of San Antonio, Tex.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is a writ of error from an order of the District Court dismissing an information in the nature of a libel, filed by the government, seeking the condemnation of an automobile alleged to have been forfeited to the government, because of its use to illegally transport intoxicating liquor. The case was tried by the District Judge on an agreed statement of facts, which admitted that the claimant had made an illegal use of the car sought to be condemned and had been convicted for the offense. At the time of his conviction, no order condemning the car was made by the District Court. Subsequently the government filed this information, seeking the condemnation of the car as the property of the defendant in error. Condemnation was resisted by the defendant in error upon the grounds (1) that the seizure was made by state officers; (2) that the car was not offending when the marshal took it over from the state officers; and (3) that the only remedy available to the government was that provided by section 26 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), by an order of sale made in the criminal cause upon conviction of the person arrested when the car was seized, the owner being permitted to show good

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cause against condemnation, if he could. The District Court took the view that seizure by state officers and subsequent surrender of the car to the United States marshal did not authorize condemnation by the government.

[1] I and II. The Eighteenth Amendment vests concurrent enforcement powers in the states, through either their legislative bodies or public officers. National Prohibition Cases, 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946. Section 2 of title 2 (Comp. St. Ann. Supp. 1923, § 10138½a) adopts section 1014 of the Revised Statutes (Comp. St. § 1674) as part of the procedure applicable to the enforcement of the act. Section 1014 provides for the arrest of offenders against the laws of the United States by state magistrates, "agreeably to the usual mode of process against offenders in such state." It seems clear that Congress contemplated the enforcement of the amendment and of enforcement legislation through state officers, as well as through federal officers. Section 26 of the National Prohibition Act authorizes "any officers of the law" to make the arrest of the offender and the seizure of the offending intoxicating liquor and of the vehicle transporting it, and to proceed against the offender "under the provisions of this title in any court having competent jurisdiction." It is evident from the language quoted that Congress did not provide for an enforcement in section 26 by government officers and federal courts exclusively.

[2] The machinery of section 26, relating to the forfeiture of the offending vehicle, can as well be set in motion by a seizure by state officers, as can the prosecution of the offending person be commenced by an arrest of the person by state officers and state examining magistrates. There is no need to show that the vehicle proceeded against be still violating the law, after seizure by state officers, and when surrendered by them to the United States marshal. It is enough that it was offending, when its owner was arrested and his liquor and vehicle seized. The regularity of the seizure is not a necessary condition to a condemnation of the things seized, providing there is sufficient ground for an adjudication of a forfeiture. Property may be seized by a private person, acting at his peril, and, if a cause of forfeiture is shown to exist against it, condemnation will follow, notwithstanding the seizure was by an unauthorized person. The Caledonian, 4 Wheat. 101, 4 L. Ed. 523; Wood v. U. S., 16 Pet. 342, 10 L. Ed. 987; Taylor v. U. S., 3 How. 197, 11 L. Ed. 559.

[3] III. The further contention is made that the remedy provided by section 26 is exclusive, and that, for that reason, the libel was properly dismissed. The remedy created in section 26 applies by its terms only when a person is discovered in the act of transporting liquor in violation of the law, and is then and there arrested by the officer, and his vehicle and liquor seized, and he convicted, after being taken by the officer before a court of competent jurisdiction. If this is the only remedy available to the government, in instances where the person in charge of the offending vehicle escapes before arrest or absconds or dies after arrest, no condemnation of the vehicle would be possible, and a large number of cases would go unprovided for.

Section 26 provides for the intervention of those having liens on the vehicle, not only upon the hearing in the criminal cause, but "in other proceeding brought for said purposes." The aim of section 26 was to provide a summary method of disposing of vehicles, in the cause in which the guilt of the owner was established by conviction, and in cases where that was possible. It cannot embrace all cases and is therefore cumulative, not exclusive. U. S. v. One Stephens Automobile (D. C.) 272 Fed. 188.

Nor is the government required to adopt the summary method with respect to the vehicle seized, because the liquor seized with it was ordered destroyed in the criminal cause, any more than because the person arrested at the time of the seizure was convicted in the criminal cause. Destruction of the liquor and forfeiture of the vehicle are two rights of different nature and purpose, and the fact that they are both permitted to be pursued in the criminal cause, upon conviction of the person arrested, does not require that this be done. The destruction of the seized liquor is an incident to the conviction of the person arrested, and follows as a matter of course. Condemnation of the vehicle may depend upon questions of ownership and lien that require a hearing for the benefit of claimants. Defendant in error's plea of res adjudicata was therefore bad.

The judgment of the District Court, dismissing the libel, is reversed, and the cause remanded for further proceedings in conformity with this opinion.

Reversed.