## UNITED STATES v. LOOMIS.

(Circuit Court of Appeals, Ninth Circuit. March 28, 1924.)

No. 4142.

1. **Forfeitures** ☞2—**Statutes authorizing seizure of personal property to be strictly construed.**

The general rule is that a statute whereby a person may be deprived of his personal property by way of punishment should be construed with strictness, and those who assume authority to take possession of such property should have clear warrant for their action.

2. **Intoxicating liquors** ☞250—**Police officers not authorized to seize automobile used in transportation.**

The provision of National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), requiring "the commissioner, his assistants, inspectors, or any officer of the law," on discovering any person in the act of illegally transporting liquors in any automobile, to seize the automobile, confines such duty of seizure to officers of the United States, and a seizure by police officers on whom such duty is not imposed, is without authority, nor is it legalized by a subsequent surrender of the automobile to federal officers.

3. **Forfeitures** ☞5—**Can only be declared if property lawfully taken into possession.**

A forfeiture can only be declared if the thing sought to be forfeited was lawfully taken into possession.

4. **Intoxicating liquors** ☞250—**Rev. St. § 1014, has no application to seizure of property.**

Rev. St. § 1014 (Comp. St. § 1674), made applicable in the enforcement of National Prohibition Act by title 2, § 2 (Comp. St. Ann. Supp. 1923, § 10138½a), pertains to the process or procedure by which an offender may be arrested, imprisoned, or bailed, but does not affect procedure in a federal court, which has to do with an inquiry into the legality of the seizure and forfeiture of his property.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Proceeding by the United States against Jack Loomis for forfeiture of an automobile. From a decree denying its petition, the United States appeals. Affirmed.

Section 26 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm) provides as follows: "When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any * * * automobile * * * it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the * * * automobile * * * and shall arrest any person in charge thereof." After requiring that the officer shall proceed against the person arrested under the provisions of title 2 "in any court having competent jurisdiction," the court, upon conviction of the person so arrested, unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and after certain payments are made, the proceeds are to go into the treasury of the United States.

Thomas P. Revelle, U. S. Atty., and J. W. Hoar, Sp. Asst. U. S. Atty., both of Seattle, Wash.

John J. Sullivan, of Seattle, Wash., for appellee.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] The petition was based upon the statute cited, and the question presented is whether under the National Prohibition Act the local officer was under a duty to take possession of the automobile and arrest the person in charge thereof. United States v. Grundy, 3 Cranch, 337, 2 L. Ed. 459. The general rule is that a statute whereby a man may be deprived of his personal property by way of a punishment should be construed with strictness; hence those who assume authority to take possession of such property should have clear warrant for their action. Section 26 of title 2 (Comp. St. Ann. Supp. 1923, § 10138½mm) does not expressly mention officers of the state or any local subdivision thereof, and in the absence of including words our construction is that in using the language "when a commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors," Congress confined the duty of seizure of the automobile to officers of the United States. Some confirmation of this view is found in section 5, of title 1 (Comp. St. Ann. Supp. 1923, § 10138¼e), which provides that the Commission-

er of Internal Revenue, his assistants, agents, and inspectors and other officers of the United States, whose duty it is to enforce criminal law, shall have all the power for the enforcement of the War Prohibition Act or any provision thereof which is conferred by law for the enforcement of existing laws relating to the manufacture and sale of intoxicating liquors under the laws of the United States.

We are cited to section 15 (35 Stat. 622 [Comp. St. § 2953]), conferring power upon "any civil officer having authority under the laws of the United States or of any state, territory, or district to arrest offenders, to summarily arrest a deserter from the Navy or Marine Corps * * * and deliver him into the custody of the naval authorities"; but it is to be noted that the express language of that statute makes it lawful for any such civil officer to arrest. There is express authority also under Rev. St. § 3071 (Act July 18, 1866, 14 Stat. 180 [Comp. St. § 5774]), for marshals, their deputies, sheriffs or their deputies, constables and police officers to apprehend, arrest, and receive the surrender of deserters. So, in the Act of July 5, 1884 (23 Stat. 118 [Comp. St. §, 4299]), pertaining to the admission of Chinese laborers, " * * * * all peace officers of the several states and territories * * * are hereby invested with the same authority as a marshal or United States marshal in reference to carrying out the provisions of this act," etc.; and in the later Act of September 13, 1888 (25 Stat. 479 [Comp. St. § 4313]), "all peace officers of the several states and territories * * * are hereby invested with the same authority in reference to carrying out the provisions of this act, as a marshal or deputy marshal of the United States," etc. Cases which decide upon the admissibility of evidence are not persuasive, for the regularity of a seizure is not always a necessary condition to the use of the thing seized as evidence upon a criminal trial, where conviction of an offense is sought. The courts will not try the collateral question of how the evidence was obtained. Robinson v. United States (C. C. A.) 292 Fed. 683.

[3] But in a direct proceeding, testing whether the automobile was liable to be seized by the police authorities, the lawfulness of the seizure will be inquired into. Forfeiture can only be declared if the thing sought to be forfeited was lawfully taken into possession. Nor are we satisfied with the reasoning that, because the thing seized was afterward turned over by the police to the federal authorities, the illegal seizure was adopted, and by adoption related back and became a legal foundation upon which could rest an order of forfeiture and sale. In The Caledonian, 4 Wheat. 100, 4 L. Ed. 523, where a ship during war was seized by the collector of customs after her arrival in port for an asserted forfeiture, Justice Story, for the court, stated the general rule that:

"Any person may seize any property forfeited to the use of the government, either by the municipal laws or by the law of prize for the purpose of enforcing the forfeiture. And it depends upon the government itself whether it will act upon the seizure. If it adopts the acts of the party and proceeds to enforce the forfeiture by legal process, this is sufficient recognition and confirmation of the seizure and is of equal validity in law with an original authority given to the party making the seizure. The confirmation acts retroactively and is equivalent to a command."

But the seizure there made was by a customs official, and under the general law of prize, and at a time when the general laws of war obtained. In Gelston v. Hoyt, 3 Wheat. 246, 4 L. Ed. 381, Justice Story stated the common-law rule to be that any person might at his peril seize for forfeiture to the government, and that, if the government adopted the seizure and the property was condemned, he would be completely justified, and that it is not necessary to sustain the seizure or justify the condemnation that the party seizing shall be entitled to any part of the forfeiture. The court did not find it necessary, however, to rest its decision solely upon the principle just stated, inasmuch as there were express statutory provisions under which it was made the duty of the officers of the customs to make seizure of all vessels and goods liable to seizure by virtue of any act of the United States respecting the revenue.

[4] Section 1014 of the Revised Statutes (Comp. St. § 1674), which is made applicable in the enforcement of the National Prohibition Act, pertains to the mode or process relative to procedure by which an offender may be arrested, imprisoned, or bailed, but in our opinion does not affect a procedure in the federal court which has to do with an inquiry into the legality of the seizure and forfeiture of his property. Roth v. United States (C. C. A.) 294 Fed. 475.

It does not appear to us that any question of concurrent power, as provided for in the second section of the Eighteenth Amendment, enters into the matter, provided, of course, we are correct in the view that the National Prohibition Act does not confer upon the local authorities power to seize under section 26 of title 2. We have given careful consideration to the opinion in United States v. Story (C. C. A.) 294 Fed. 517, where the court held that section 26, supra, was broad enough to confer authority upon state, as well as federal, officers; but necessity of adherence to the rule of strict construction constrains us to hold that the police authorities were not empowered to make the seizure.

The order appealed from is affirmed.