UNITED STATES v. ONE FORD COUPE (PUGH & BOATNER, Interveners).

SAME v. ONE CADILLAC ROADSTER (PUGH & BOATNER, Interveners).

(District Court, W. D. Louisiana, Shreveport Division. December 5, 1924.)

Nos. 1473, 1474.

1. Searches and seizures ⬳5—Vehicle illegally seized by other than federal agents may be subjected to forfeiture.

A vehicle seized by a person not acting under federal authority, though illegally, may be subjected to forfeiture under a federal statute, if grounds for such forfeiture exist.

2. Internal revenue ⬳2—Rev. St. § 3450, not repealed by Prohibition Act.

Any question as to the repeal of Rev. St. § 3450 (Comp. St. § 6352), providing for forfeiture of vehicles used for removal or concealment of taxable property with intent to defraud the United States of the tax thereon, by the Prohibition Act, was removed by Supplemental Act Nov. 23, 1921, § 5 (Comp. St. Ann. Supp. 1923, § 10138⅘c).

Libels for Forfeiture. Suits by the United States against one Ford coupe and against one Cadillac roadster; Pugh & Boatner, interveners in both suits. On exceptions to libels. Overruled.

Aubrey M. Pyburn, Asst. U. S. Atty., of Shreveport, La., for plaintiff.

Byron A. Irwin, J. N. Marcantel, and Pugh & Boatner, all of Shreveport, La., for interveners.

DAWKINS, District Judge. Counsel for the government filed monitions or libels for the forfeiture of the above automobiles under the Act of July 13, 1866, now section 3450 of the Revised Statutes (Comp. St. § 6352), alleging that they had been seized by a federal Prohibition Agent on May 12, 1924, and were still held in custody under said seizure; further, "that heretofore, to wit, on the 29th day of April, 1924, in said division and district, and before said seizure was made, the property above described was by one J. C. Clark, alias C. A. Chastain, used in the removal and for the deposit and concealment of one hundred (100) quarts of spirituous liquors, with intent to defraud the United States of the tax thereon, the said spirituous liquors then and there being a commodity for and in respect of which a tax had been, was and is imposed by the laws of the' United States, which tax had not been paid, contrary to the form of the statute of the United States in such case made and provided."

Thereafter Pugh & Boatner, a partnership, was permitted to intervene and assert in said proceeding a claim of ownership of the cars. Exceptions were then filed as follows: First, that the court was without jurisdiction, because there had been no lawful seizure of the cars; second, that the bill disclosed no cause of action; and, third, that it was too vague and uncertain to enable them to plead thereto.

The cases have been submitted at this time on the exceptions alone, the second and third upon the face of the pleadings, and the first upon proof administered showing the circumstances of the seizure. The facts disclosed were as follows:

The prohibition director for the state of Louisiana and district attorney for the Western district had made a general request of the sheriff of Caddo parish that he stop, seize, and hold for the federal officers all automobiles caught transporting intoxicating liquors in this community. Accordingly said sheriff, upon being informed that these cars were on their way to Shreveport, La., transporting intoxicating liquors, sent one of his deputies down what is known as the Mansfield road to meet them. The cars were met, stopped, searched, and seized by the deputy sheriff, all without warrant or other writ. The sheriff testified that he acted solely for the federal authorities, because there was no law of the state under which the automobiles could be seized and sold for such offenses. The machines were then taken to a garage or warehouse, where the pro-

hibition agent later appeared, also without warrant, announced to the keeper of the garage that he was seizing them, delivered to him written notice of seizure, and reported to the prohibition director what he had done.

### Exception to the Jurisdiction.

[1] It is argued on behalf of the claimants or plaintiffs in the exception that the court is without jurisdiction, for the reason that there was no valid seizure, a condition necessarily precedent to the vesting of jurisdiction; that the state officers had no warrant or authority to make the seizure; that, even if they could be said to have acted for the United States, they were prohibited from seizing without warrant, unless it was apparent to their senses that the law was being violated in their presence, which evidence, in this instance, did not exist. Claimants contend, too, that to permit the forfeiture under these circumstances would destroy the protection afforded them and their property under the Fourth Amendment to the federal Constitution against unlawful search and seizure.

It has long since been settled that the Fourth Amendment and similar provisions of the United States Constitution apply alone to the officers and agents of the national government. They do not affect persons not acting under federal authority. Barron v. Mayor and City Council of Baltimore, 7 Pet. 243, 8 L. Ed. 672. Hence, when evidence is obtained by any one other than federal agents, whether lawful or otherwise, there is nothing to prevent its being used by the government for whatever purpose the circumstances may require. In other words, the restraining power of the federal Constitution withholds only the hands of its own agents. To them, and to them alone, its imperative command is, "Thou shalt not." This rule is thoroughly recognized, alike in Constitution, statute, and jurisprudence. The Fourth Amendment; statute of June 15, 1917, known as the Espionage Act (40 Stat. 217); Amos v. United States, 255 U. S. 314, 41 S. Ct. 266, 65 L. Ed. 655; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647, and authorities therein cited.

In Louisiana the law is settled that the fact that evidence was illegally obtained does not prevent its use against the accused. State v. Fleckinger, 152 La. 337, 93 So. 115. In other words, under the state law the search and seizure without warrant would not prevent the evidence being used for any purpose; hence the government could use it,

since the seizure was made by an independent agency, over which the latter had no control and for whose acts it was not responsible. United States v. Story (C. C. A.) 294 F. 517. It is true that this last-cited case was one which arose under the National Prohibition Act, but I see no reason why, if in the one case the action of the state officer was sufficient to support a forfeiture, it could not form the basis of jurisdiction in the other.

"Property may be seized by a private person, acting at his peril, and, if a cause of forfeiture is shown to exist against it, condemnation will follow, notwithstanding the seizure was by an unauthorized person." United States v. Story, supra, citing The Caledonian, 4 Wheat. 101, 4 L. Ed. 523; Wood v. United States, 16 Pet. 342, 10 L. Ed. 987; Taylor v. United States, 3 How. 197, 11 L. Ed. 559.

As pointed out in the Story Case, supra, it was not necessary that the car should be actually offending at the time the federal officer took charge of it. It would seem from the dictum of that decision that, if the sheriff had turned the machine over to the marshal after the libel had been filed, this would have been sufficient without further seizure by the prohibition agent. Treating the matter, therefore, as a seizure by a private individual, which I think should be done, in view of the fact that the sheriff did not purport to act under any state law (and in view of the further fact that the request of the prohibition director and district attorney could not vest him with any powers under Federal statutes), there seems to be ample authority to sustain the proposition that the government might avail itself of the seizure in that capacity as the basis for this proceeding. See authorities above cited.

### Exception of No Cause of Action.

[2] Taking up this exception as a demurrer (inasmuch as the exception of no cause of action is unknown to the admiralty practice), I am of the view that the bill makes sufficient allegations, if sustained by proof, to support the prayer for forfeiture. It follows in substance the language of the statute. Section 3450, R. S.; United States v. Mincey, 254 F. 287; United States v. One Saxon Automobile, 257 F. 251, 168 C. C. A. 335. Whatever basis there might have been for saying that section 3450 was repealed by the National Prohibition Act was removed by the Act of November 23, 1921, supplemental to the National Prohibition Act, section 5 of which reads as follows:

"All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and non-beverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act." Comp. St. Ann. Supp. 1923, § 10138⅘c.

I do not find any conflict between the Volstead Act and section 3450 in so far as procedure is concerned, but the one can be treated as supplemental to the other, or as affording an additional remedy to the government in such matters. United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358.

As to the plea of vagueness, I am of the opinion that the claimant is sufficiently put on notice as to what the government expects to prove when it alleges that the car had been used in the removal or transportation of intoxicating liquors upon which the tax had not been paid.

For the reasons assigned, the exceptions are overruled.