## UNITED STATES v. ONE REO MOTOR TRUCK.

## SAME v. ONE BROCKWAY MOTOR TRUCK.

(District Court, D. Rhode Island.    June 10, 1925.)

### Nos. 1642, 1643.

1. **Searches and seizures** ⟨⟩**1—Right to seize property under federal act must be given by federal statute.**

The right to seize property under a federal act must be given by a federal statute, and as a general rule of construction statutes which confer upon officers powers of seizure and arrest refer only to officers of the jurisdiction which enacts the statute.

2. **Intoxicating liquors** ⟨⟩**250—Prohibition Act does not give authority to state officers to make seizures.**

The power to seize automobile used in the unlawful transportation of liquors, conferred by Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), on the Commissioner of Internal Revenue, "his assistants, inspectors or any officer of the law," does not extend to state officers.

3. **Intoxicating liquors** ⟨⟩**247—Seizure of motor trucks held legal.**

Federal prohibition agents *held* authorized to seize trucks and liquor being unlawfully transported therein, which had been seized immediately before and were being held by police officers, though the latter acted without authority.

Forfeiture proceedings by the United States against one Reo motor truck and one Brockway motor truck. Decree of forfeiture.

Wallace R. Chandler, Jr., Asst. U. S. Atty., of Providence, R. I.

Rosenfeld & Hagen, of Providence, R. I., for defendants.

MORTON, District Judge. These are proceedings to forfeit two automobiles under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). In each case police officers discovered the truck in question being used for the unlawful transportation of intoxicating liquor. They held both drivers and trucks and turned them over to federal prohibition officers. Each driver was subsequently convicted in the United States court in Rhode Island. The question in each case is whether there was a lawful seizure for purposes of forfeiture under the National Prohibition Act.

As to the authority of police officers to make such seizures, Circuit Courts of Appeals have squarely differed; that of the Fifth Circuit having held that state officers might do so (U. S. v. Story, 294 F. 517), and that of the Ninth Circuit having decided to the contrary with the previous case before it (U. S. v. Loomis, 297 F. 359). In the Fourth Circuit it has been held that the Eighteenth Amendment "does not make prohibition officers of the several states, by reason of their state commissions, officers of the United States exercising federal authority." Kanellos v. U. S., 282 F. 461, 463.

[1, 2] A right to seize under a federal act must be found in the federal statutes. As a general rule of construction, statutes which confer upon officers powers of seizure and arrest refer only to officers of the jurisdiction which enacts the statute. If Congress had intended by the National Prohibition Act to confer upon officers appointed by the states the special powers therein granted to "the Commissioner [of Internal Revenue], his assistants, inspectors, or any officers of the law" (section 26), it would naturally have said so in explicit terms, and would have defined the class of state officers to whom the act applied. In the absence of such provisions, it seems to me that they are not included. The seizures by the police appear to have been unwarranted in law. Of course, police officers, like other citizens, have the right to arrest for felonies against the United States. It is a matter of common knowledge that police departments often discover and hold counterfeiters, for instance,

and the legality of their doing so has never been seriously doubted.

[3] Although the action of the police cannot, as I am constrained to hold, be supported under the National Prohibition Act, it does not follow that the United States is therefore barred in the present proceedings. What occurred was that the police, finding a proceeding in progress which was illegal under the laws of the United States, interfered, stopped it, and sent for federal officers. When these arrived, it was evident to them, from what they themselves saw, that illegal transportation of liquor had been in progress by the men and with the trucks held by the police. It is true that the trucks were not actually moving along the road when the federal officers arrived, but the transportation was, generally speaking, still in progress, except as interrupted by the acts of the police. In that situation the federal officers had the power then and there to make seizure of the trucks and liquor. Their right to do so was not affected by the fact that, in holding the trucks and men for them, the police acted without legal authority.

Decrees for forfeiture.