## THE RAY OF BLOCK ISLAND.

(District Court, D. Rhode Island. July 31, 1925.)

No. 1570.

**1. Statutes ⟨⇒⟩199—To construe federal statute, imposing duty on "any officer of the law," to include other than federal officers, would require unambiguous language.**

To construe a federal statute, imposing duty on "any officer of the law," to include other than federal officers, would require unambiguous language.

**2. Intoxicating liquors ⟨⇒⟩250 — Only officers granted power and protection under National Prohibition Act charged with duty to seize liquor or transportation means.**

National Prohibition Act, tit. 2, §§ 26, 28 (Comp. St. Ann. Supp. 1923, §§ 10138½mm, 10138½o), should be construed together, and only officers who are granted powers and protection, under section 28, and not city police officers, were intended to be charged with positive duty, under section 26, of seizing intoxicating liquor being transported contrary to law and of taking possession of the conveyance, despite Rev. St. § 1014 (Comp. St. § 1674).

**3. Intoxicating liquors ⟨⇒⟩246—Boat seized and unloaded by policemen not subject to forfeiture.**

Where, on seizure of boat by police of city, liquors were removed therefrom by them, and at time of its delivery to federal prohibition director she had been unladen, it was not subject to forfeiture, under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm).

Forfeiture Libel. Proceeding by the United States against the motorboat Ray of Block Island. On motion to dismiss libel. Motion granted.

Harold A. Andrews, Asst. U. S. Atty., of Providence, R. I.

Peter W. McKiernan, of Providence, R. I., for claimant.

BROWN, District Judge. The libel is as follows:

"The libel of the United States of America, by Norman S. Case, United States attorney for the district of Rhode Island, against the motorboat Ray of Block Island, her engines, tackle, apparel, and furniture, who prosecutes for and on behalf of the United ed States and respectfully represents and shows to the court:

"I. That heretofore, to wit, the 18th day of April, A. D. 1924, Lieut. L. P. Pelrine, of the police force of the city of Providence, in said district, and a number of police officers, acting under his control and direction, discovered one Joshua Trueman Dodge

in the act of transporting in violation of title II, sections 3 and 26, of the National Prohibition Act, a large quantity of intoxicating liquor, in a certain water craft, to wit, a motorboat bearing the name Ray of Block Island, registration No. G–87, in certain navigable waters of the United States, to wit, on the Providence river, so called, alongside the dock of the Saconnet Coal Company, so called, and near Allens avenue, in said city and county of Providence, in said district, and within the jurisdiction of this honorable court.

"II. That the said police officers then and there seized said intoxicating liquors and said motorboat Ray of Block Island, and arrested said Joshua Trueman Dodge, said Dodge being then and there in possession and charge of said motorboat; that subsequently said Dodge was arrested by United States officers.

"III. That the said Joshua Trueman Dodge heretofore, to wit, the 10th day of December, A. D. 1924, was duly convicted in said District Court of the offense of transporting intoxicating liquor in violation of title II, section 3, of the National Prohibition Act, was sentenced to pay and did pay a fine of $500, said offense being the offense described in paragraph I hereof.

"IV. That the said motorboat Ray of Block Island was delivered to Harry G. Sheldon, federal prohibition director for the district of Rhode Island, and is now in the custody of said Harry G. Sheldon in Pawtuxet Cove, in Providence county, in said district, and within the jurisdiction of this honorable court.

"That by reason of the foregoing premises, and under and by virtue of the provisions of title II, section 26 of the National Prohibition Act, said motorboat Ray of Block Island, her engines, tackle, apparel, and furniture, became and is forfeited to the use of the United States as in said statute made and provided, and is subject to condemnation and sale, the proceeds thereof to be paid into the Treasury of the United States.

"Wherefore your libelant prays that this honorable court enter a decree of condemnation against said motorboat Ray of Block Island to the use of the United States; that said motorboat Ray of Block Island shall be sold at public auction; that all bona fide liens which are established shall, after deducting all expenses, fees, and costs, be paid, and that the balance of the proceeds shall

be paid into the Treasury of the United States as miscellaneous receipts.

"Your libelant further prays that the usual process and monition of this honorable court issue in this behalf, and that all persons interested in said property may be cited and admonished in general and special to appear and answer the premises.

"[Signed]   Norman Stanley Case,
                "United States Attorney."

By answer the claimant admits the allegations of the first, second, third, and fourth articles of the libel, but denies that by reason of the facts stated in articles 1 to 4 inclusive, the motorboat Ray of Block Island is subject to forfeiture under title II, § 26, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10113½mm).

The motion to dismiss is as follows:

"And now come William Earl Dodge and Joshua T. Dodge, of the town of New Shoreham, county of Newport, and state of Rhode Island, and move that said libel be dismissed, and as cause therefor say:

"1. That the National Prohibition Act confines the duty of seizure of vehicles to officers of the United States, and that a seizure by police officers under said act is without authority, and is not recognized by a subsequent surrender of the vehicle to federal officers.

"2. That there is no authority under the state prohibition law to seize any boat or vehicle found transporting intoxicating liquor.

"3. That forfeiture can only be declared if the thing sought to be forfeited was lawfully taken into possession.

"By their attorney,
    "[Signed]   Peter W. McKiernan."

The claimant relies upon the decisions of the Circuit Court of Appeals for the Ninth Circuit in U. S. v. Loomis, 297 F. 359, March 28, 1924, and U. S. v. Thomas, 297 F. 362, March 28, 1924.

The United States relies upon the decision of the Circuit Court of Appeals for the Fifth Circuit in U. S. v. Story, 294 F. 517, Nov. 30, 1923. This decision was brought to the attention of the Circuit Court of Appeals for the Ninth Circuit, as appears from its comment in 297 F. 362:

"We have given careful consideration to the opinion in U. S. v. Story (C. C. A.) 294 F. 517, where the court held that section 26, supra, was broad enough to confer authority upon state, as well as federal, officers, but necessity of adherence to the rule of strict

construction constrains us to hold that the police authorities were not empowered to make the seizure."

It is conceded that the state law of Rhode Island conferred no authority to seize any boat or vehicle found transporting intoxicating liquor.

In Carroll et al. v. U. S., 267 U. S. 132, at page 155, 45 S. Ct. 280, 286 (69 L. Ed. 543), it was said:

"Under section 28, title II, of the Prohibition Act, the Commissioner of Internal Revenue, his assistants, agents, and inspectors, are to have the power and protection in the enforcement of the act conferred by the existing laws relating to the manufacture or sale of intoxicating liquors. Officers who seize under section 26 of the Prohibition Act are therefore protected by section 970 of the Revised Statutes, providing that:

" 'When, in any prosecution commenced on account of the seizure of any vessel, goods, wares, or merchandise, made by any collector or other officer, under any act of Congress authorizing such seizure, judgment is rendered for the claimant, but it appears to the court that there was reasonable cause of seizure, the court shall cause a proper certificate thereof to be entered, and the claimant shall not, in such case, be entitled to costs, nor shall the person who made the seizure, nor the prosecutor, be liable to suit or judgment on account of such suit or prosecution: Provided, that the vessel, goods, wares, or merchandise be, after judgment, forthwith returned to such claimant or his agent.'

"It follows from this that, if an officer seizes an automobile or the liquor in it without a warrant, and the facts as subsequently developed do not justify a judgment of condemnation and forfeiture, the officer may escape costs or a suit for damages by a showing that he had reasonable or probable cause for the seizure. Stacey v. Emery, 97 U. S. 642 [24 L. Ed. 1035]."

It is perhaps significant that the protection afforded by section 28 of the Prohibition Act (Comp. St. § 10138½o) is confined to the "commissioner, his assistants, agents and inspectors, and all other officers of the United States, whose duty it is to enforce criminal laws."

It is also significant that section 26 prescribes duties of "any officer of the law": "It shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law," as well as "take possession of the vehicle and team or auto-

mobile, boat, air or water craft, or any other conveyance," etc.

[1] While a statute of the United States may provide that action may be taken by state officers in aid of a federal statute, it is doubtful if a federal statute can impose upon a state officer a positive duty of that kind. At least we should be disinclined to construe a statute imposing a duty upon "any officer of the law" to include other officers than those of the United States. We should at least require unambiguous language to support such a construction.

[2] It is reasonable to say that section 28 should be construed in conjunction with section 26, and that only officers who are granted the powers and protection under section 28 are intended to be charged with the positive duty under section 26. Furthermore, the provisions concerning the approval of bonds by said officer seem inappropriate when applied to police officers of a city.

In U. S. v. Loomis (C. C. A.) 297 F. 359, at page 362, it was said, as to the applicability of section 1014 of the Revised Statutes (Comp. St. § 1674), that it "pertains to the mode or process relative to procedure by which an offender may be arrested, imprisoned, or bailed, but in our opinion does not affect a procedure in the federal court which has to do with an inquiry into the legality of the seizure and forfeiture of his property. Roth v. United States (C. C. A.) 294 F. 475."

I am unable to see that R. S. § 1014, affords support to a broad construction of the words "any officer of the law," contained in section 26, which includes police officers of a city.

[3] As there are conflicting decisions by Circuit Courts of Appeals, this court can follow but one of these decisions. It seems to me that the later decision in U. S. v. Loomis, 297 F. 359, is sufficient authority upon which to sustain the claimant's motion to dismiss. While article 4 of the libel is in general terms, and does not give the date of the delivery of the boat to the federal prohibition director, it was stated at the bar that, upon the seizure of the boat by the police, the liquors were removed therefrom by the police, and that at the time of her delivery to the federal prohibition director she had been unladen. The present case therefore, is not affected by any previous rulings in cases where police officers had stopped a laden vehicle on the highways and notified prohibition officers, who made seizure of the vehicle while still laden, and while

the liquor was still in the process of transportation, though temporarily stopped upon the highway.

Motion to dismiss granted. A draft decree may be presented accordingly.