THE RAY OF BLOCK ISLAND.*

UNITED STATES v. DODGE et al.

(Circuit Court of Appeals, First Circuit.
March 3, 1926.)

No. 1888.

Intoxicating liquors ⬅➡250—Municipal police officers' seizure of boat used in violation of National Prohibition Act held lawful, when ratified by federal officers (National Prohibition Act, tit. 2, § 26 [Comp. St. Ann. Supp. 1923, § 10138½mm]).

Though National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), confers authority to seize vehicle used in violation of act on United States officers only, seizure of boat by municipal police officers, not authorized by state law, was lawful, when subsequently ratified by federal officers.

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Libel of information by the United States for the forfeiture of the motor boat Ray of Block Island; William Earl Dodge and another, claimants. From a decree (7 F. [2d] 189) dismissing the libel, the United States appeals. Reversed and remanded.

Harold A. Andrews, Asst. U. S. Atty., of Providence, R. I. (Norman S. Case, U. S. Atty., of Providence, R. I., on the brief), for the United States.

Daniel T. Hagan and Rosenfeld & Hagan, all of Providence, R. I., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a libel of information filed by the United States on March 5, 1925, in the federal District Court for Rhode Island against the motor boat Ray of Block Island for forfeiture under section 26, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm).

In the libel it is alleged in substance: (1) That on the 18th day of April, 1924, police officers of the city of Providence discovered the claimant, Joshua Trueman Dodge, in the act of transporting, in violation of the National Prohibition Act, a quantity of intoxicating liquor in the motorboat within said district; (2) that said officers then and there seized the liquors and motorboat, and arrested said Dodge, who was in charge of the motorboat, and that subsequently said Dodge was arrested by United States officers; (3) that said Dodge, on the 10th day of December, 1924, was duly convicted in said District Court of the offense of unlawful transporta-

*Certiorari granted 46 S. Ct. 489, 70 L. Ed. ——.

tion for which he had been arrested; (4) that, after the seizure, the motorboat was turned over to the federal Prohibition Director for said district, and was, as the time the libel was filed, in his possession; and (5) that by reason of the premises the motorboat became forfeited.

On this libel the usual warrant and monition were issued and duly served.

The claimants filed a motion to dismiss, as follows:

"1. That the National Prohibition Act confines the duty of seizures of vehicles to officers of the United States, and that a seizure by police officers under said act is without authority and is not recognized by a subsequent surrender of the vehicle to federal officers.

"2. That there is no authority under the state prohibition law to seize any boat or vehicle found transporting intoxicating liquor.

"3. That forfeiture can only be declared if the thing sought to be forfeited was lawfully taken into possession."

On the same day the claimants filed an answer, admitting the allegations of the libel, but denying that they constituted cause for forfeiture.

After hearing, the District Judge filed an opinion granting the motion to dismiss, on the ground that section 26 of the National Prohibition Act, read in connection with other provisions of the act, did not confer authority upon officers other than those of the United States to enforce the provisions of said section, following the decisions in the Ninth Circuit of United States v. Loomis, 297 F. 359, and United States v. Thomas, 297 F. 362; it being conceded that the law of the state of Rhode Island conferred no authority to seize a vehicle or boat found transporting intoxicating liquor, and that, at the time the Ray was turned over to the federal prohibition director, all liquors previously found upon her by the police had been removed.

We agree with the decision of the court below as to the construction of section 26 of title 2 of the Prohibition Act—that it confers authority only upon United States officers—but are of the opinion that it erred in dismissing the libel, as the United States, in taking over the vessel and filing the libel to enforce a forfeiture, ratified and adopted the acts of the police officers, and thereby rendered the seizure lawful under section 26, as the boat, at the time the seizure was made, was engaged in the unlawful transportation of intoxicating liquors. It is conceded that the circumstances attending the seizure would

have rendered it lawful, had it been made by federal officers, and we are of the opinion that it is equally so, the United States having adopted the acts of the police officers in making the seizure.

In The Caledonian, 4 Wheat. 100, 103 (4 L. Ed. 523), Judge Story, speaking for the court, said:

"It is a general rule that any person may seize any property forfeited to the use of the government, either by the municipal law or by the law of prize, for the purpose of enforcing the forfeiture; and it depends upon the government itself whether it will act upon the seizure. If it adopts the acts of the party, and proceeds to enforce the forfeiture by legal process, this is a sufficient recognition and confirmation of the seizure, and is of equal validity in law, with an original authority given to the party to make the seizure. The confirmation acts retroactively, and is equivalent to a command."

See, also, Wood v. United States, 16 Pet. 342, 10 L. Ed. 987; Taylor v. United States, 3 How. 197, 11 L. Ed. 559; United States v. Story (C. C. A.) 294 F. 517; United States v. One Studebaker Seven-Passenger Sedan (C. C. A.) 4 F. (2d) 534; The G-883 (D. C.) 6 F. (2d) 416.

The decree of the District Court is reversed, and the case is remanded to that court, for further proceedings not inconsistent with this opinion.