UNITED STATES v. 579 SACKS OF WHISKY, etc.

District Court, D. Massachusetts. Nov. 23, 1927.

No. 3354.

1. Customs duties ⊜126—Federal customs officers without search warrant having sufficient reason for regarding liquor as contraband had right to seize it (19 USCA § 506).

Where federal officers, without search warrant, had sufficient reason for regarding liquor in possession of state officers as contraband and liable to seizure by virtue of laws respecting revenue, it was their duty, as officers of customs, to seize and secure it, as well as as their right, under Rev. St. § 3072 (19 USCA § 506).

2. Customs duties ⊜126—Customs officers having sufficient reason to regard liquor as contraband could without warrant adopt illegal seizure of state officers (19 USCA § 506).

Federal officers, who had sufficient reason for regarding liquor as contraband under Rev. St. § 3072 (19 USCA § 506), had right without warrant to adopt search and seizure of state officers, irrespective of whether original search and seizure by state officers was legal.

3. Customs duties ⊜133(2)—Federal District Court had jurisdiction to forfeit liquor held as contraband by customs officers, notwithstanding original seizure by state officers.

Where liquor seized was in possession of federal customs officers, federal District Court had jurisdiction of forfeiture proceedings instituted by United States, though property was originally seized by state officers under search warrant, where returns thereof were wholly abandoned and turned over to federal officers.

4. Customs duties ⊜130(11)—Where inspectors found bottles bearing foreign labels had been transported and previous indictments were had for introducing same liquor, government had probable cause for forfeiture proceedings under customs laws (Tariff Act 1922, § 615 [19 USCA § 525]).

Where state officers had possession of information from which it could be reasonably inferred that dory had been used in transporting liquor, and where inspectors found sacks of whisky and champagne bearing foreign labels, and several persons had previously been indicted under customs laws for introducing the same liquor, probable cause existed for institution by government of forfeiture proceedings under customs laws as to liquor in possession of customs officers, and, on failure of claimant to sustain burden of proof imposed under such circumstances by Tariff Act 1922, § 615 (19 USCA § 525), liquor was liable for forfeiture.

Proceeding by the United States to forfeit 579 sacks of whisky, which was resisted. Decree of forfeiture.

Ellen L. Buckley, Asst. U. S. Atty., of Boston, Mass., for the United States.

Joseph V. Carroll, of Boston, Mass., for defendant.

BREWSTER, District Judge. In a proceeding to forfeit, for violation of the tariff laws and the National Prohibition Act (27 USCA), a quantity of intoxicating liquor, a claimant has appeared who offers no evidence to establish his proprietary interests in the liquor or to show that it was lawfully acquired or possessed by him. He seeks to defeat the forfeiture by attacking the validity of the seizure and the jurisdiction of this court.

The important facts bearing on these questions, stated briefly, are that eleven men were arrested in East Brewster, a town on the shores of Cape Cod Bay, and subsequently indicted and convicted of the crimes of bringing into the United States intoxicating liquor, in violation of the customs laws, and of possessing the same, in violation of the National Prohibition Act.

The defendants were first apprehended by officers of the state constabulary, who, in connection with the arrest, searched, with the consent of the owner, two nearby summer cottages, situated on the seashore, in which was found the liquor which is the subject-matter of these proceedings. The state officers took possession of the liquor and notified customs officers of the United States, who later visited the premises and arranged with the state officers to have one of the customs inspectors stay on guard over the liquor until the next morning, when it was removed to the United States Appraiser's Stores in Boston. It has been in the custody of the United States ever since.

[1] After the customs officers had first arrived in East Brewster, the state officers obtained from a justice of the peace a search warrant, which warrant was duly returned into the state court; the returns showing that the liquor had been seized by state officers and transferred to a place of safety. The evidence, however, warrants a finding that the liquor was first seized by state officers without a warrant, and then by the federal officers also without a warrant. As will presently appear, they had sufficient reason for regarding this liquor as contraband, liable to seizure by virtue of the laws respecting the revenue, and not only did they have the right to seize and secure it, but it was their duty, as officers of the customs, to do so. R. S. § 3072, U. S. Code, tit. 19, § 506 (19 USCA § 506).

[2] They could adopt the search and seizure of the state officers. It is immaterial whether such search and seizure was lawful. United States v. One Reo Motor Truck (D. C.) 6 F.(2d) 412; Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392.

Therefore it becomes unnecessary for me to determine the sufficiency of the search warrant issued to the state officers or the legality of its execution.

[3] The res was in the possession of the customs officers at the time the forfeiture proceedings were instituted. This gave the court jurisdiction. Dodge v. United States, supra; The Underwriter (C. C. A.) 13 F. (2d) 433.

At the time of the seizure by the customs officers, the property could not be said to be in the custody of the state court on appropriate proceedings so as to place it beyond the jurisdiction of this court. There was no conflict of jurisdiction. Whatever proceedings had been begun by issuance of the search warrant and the returns thereon were wholly abandoned, and, when these proceedings were brought, the property was not in the custody of any other court. See Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871.

[4] The only question remaining is whether proper cause existed for the bringing of the forfeiture proceedings so as to throw upon the claimant the burden of proving that the property was his and not subject to forfeiture. On this aspect of the case there was evidence tending to show that the customs inspectors were called to East Brewster by state officials who had discovered a large quantity of intoxicating liquor, bearing foreign labels, in unoccupied cottages near the shore. These officials had possession of information from which it could be reasonably inferred that a dory had been used in transporting the liquor, that it had been recently stored in cottages near the place where the eleven men, who were later arrested, were found, that the conduct of some of these defendants in seeking to escape indicated that they had embarked upon some unlawful enterprise. It is safe to assume that this information was in the possession of the government at the time of the institution of the proceedings. The inspectors found on the premises over 750 cases and sacks containing bottles of whisky and champagne which bore labels indicating foreign origin, for example, "Peter Dawson Scotch Whisky." Before these proceedings had been brought, several persons had been indicted for introducing, in violation of the customs laws, the same liquor, and in the light of subsequent events it would seem difficult to find that the federal authorities were acting without just cause in bringing these proceedings when

the evidence within their knowledge and control was sufficient to convince twelve jurors beyond a reasonable doubt of the guilt of persons charged with the crime of unlawful importation.

I find, therefore, that the government has shown probable cause for the institution of the forfeiture proceedings, and, inasmuch as the claimant has wholly refused to carry the burden which is imposed upon him by section 615 of the Tariff Act of 1922 (U. S. Code, tit. 19, § 525 [19 USCA § 525]), I find and rule that the liquor described in the information is liable to forfeiture. Compare Vincent v. United States (C. C. A.) 19 F. (2d) 344; General Motors Acceptance Corp. v. United States, 22 F.(2d) 109 (C. C. A.) decided Oct. 27, 1927; United States v. 394 Cases of Lawson Scotch Whisky, etc., 21 F.(2d) 989 (Dist. Ct. Mass.) decided Oct. 5, 1927.

A decree may be entered accordingly.