NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  SUNSTONE INFORMATION DEFENSE, INC.,**
*Petitioner*

---

2022-121

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in No. 4:21-cv-09529-YGR, Judge Yvonne Gonzalez Rogers.

---

**ON PETITION**

---

Before MOORE, *Chief Judge*, DYK and STOLL, *Circuit Judges*.

MOORE, *Chief Judge*.

## O R D E R

The United States District Court for the Eastern District of Virginia transferred SunStone Information Defense, Inc.'s patent infringement action to the United States District Court for the Northern District of California.  SunStone now petitions this court for a writ of mandamus directing the California court to return the action to Virginia and to set aside the transfer order.  For the following reasons, we deny the petition.

SunStone filed this patent infringement suit in the Eastern District of Virginia against F5 Networks, Inc. and one of F5's customers, Capital One Financial Corporation. At the time of the complaint, SunStone was headquartered in Northern California, which is also where its founder and the patent inventor, Dr. David Ford, resided. Since the filing of the complaint, SunStone (along with Dr. Ford) moved its operations to Ohio. SunStone does not have any offices or employees in Virginia.

F5, joined by Capital One, moved to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). F5 noted that the accused products were designed and developed by its subsidiary, Shape Security, Inc., in Northern California, where its technical documents were located. F5 also noted that employees knowledgeable about the design and development of the accused products as well as the marketing and sales of the products work from Northern California.

On December 7, 2021, the district court granted F5's transfer motion. The district court first noted that neither party disputes that the action meets the threshold requirement for transfer under § 1404(a), that the action "might have been brought" in the Northern District of California. The district court then concluded that F5 "has satisfied its burden of proving that transfer to the Northern District of California is warranted based on the relevant factors in this case." Appx562. The district court determined that "the convenience of the parties and witnesses favor transfer because California is the center of the allegedly infringing activities." *Id.* For the same reason, the court here found that the "interest of justice also tips in favor of transfer." *Id.* This petition followed.

Our review is governed by the law of the regional circuit, which in this case is the United States Court of Appeals for the Fourth Circuit. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *Linnell v. Sloan*, 636

F.2d 65, 66 (4th Cir. 1980) (explaining that even after transfer, "it is settled that the choice-of-law rules of the original forum continue to apply"). The district court's conclusion regarding transfer is a question that we review on mandamus for a clear abuse of discretion. *See TS Tech*, 551 F.3d at 1319; *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984).

SunStone has failed to satisfy that stringent standard. The district court made a reasonable finding that SunStone's choice of forum was not entitled to significant weight because the Eastern District of Virginia is not SunStone's home forum and has no specific connection to SunStone's infringement claims. The court here also found that the Northern District of California was more convenient and had a stronger interest in resolving this case. In particular, the court noted that the Northern District of California is where the accused products were designed and developed, where a number of witnesses and evidence are likely to be located, and where the patents-in-suit were developed. SunStone has not shown that the court clearly abused its discretion in reaching these determinations.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

February 11, 2022                  /s/ Peter R. Marksteiner
        Date                        Peter R. Marksteiner
                                    Clerk of Court