## DODGE v. UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT

No. 341. Argued October 27, 1926.—Decided November 23, 1926.

1. Proceedings to forfeit a motor boat, under § 26 of Title II of the National Prohibition Act, may be maintained even if the seizure of the boat was by a person not authorized, since subsequent adoption of the seizure, by the Government, is retroactive. P. 531.
2. The jurisdiction of the court in such a case was secured by the fact that the *res* was in the power of the prohibition director when the libel was filed. P. 532.

11 F. (2d) 522, affirmed.

CERTIORARI (271 U. S. 655) to a judgment of the Circuit Court of Appeals which reversed a judgment of the District Court (7 F. (2d) 189) dismissing a libel brought by the United States to forfeit a motor boat, under § 26 of the National Prohibition Act.

*Mr. Daniel T. Hagan,* with whom *Mr. Peter W. McKiernan* was on the brief, for the petitioners.

*Assistant Attorney General Willebrandt,* with whom *Solicitor General Mitchell* and *Mr. John J. Byrne,* Attorney in the Department of Justice, were on the brief, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This was a proceeding in the District Court of the United States for the condemnation of the motor boat "Ray of Block Island." The owners appeared as claimants and moved that the libel be dismissed on the ground that the facts alleged did not warrant a condemnation. The District Court granted the motion. 7 F. (2d) 189.

The Circuit Court of Appeals reversed the decree. 11 F. (2d) 522. As there was a conflict of decisions between different Circuit Courts of Appeal a writ of certiorari was granted by this Court. 271 U. S. 655.

The libel was brought under the National Prohibition Act; October 28, 1919, c. 85, Title II, § 26, 41 St. 305, 315. It alleged that police officers of the City of Providence, Rhode Island, discovered a man named, seemingly one of the claimants, in the act of transporting contrary to said law intoxicating liquors in the "Ray of Block Island," over navigable waters of the United States; that the officers seized the liquors and the boat and arrested the man; that he subsequently was arrested by officers of the United States, was convicted of transporting intoxicating liquors in violation of said law and was fined; that the motor boat was now in custody of a federal prohibition director for the District of Rhode Island; and that by reason of the premises the motor boat was subject to condemnation and sale. The ground on which the libel was dismissed by the District Court was that the language of § 26, making it the duty of "the Commissioner, his assistants, inspectors, or any officer of the law" to seize the liquor and vehicle, did not extend to the police officers of the City, who had no authority from the State to take these steps. It is stated in argument and perhaps fairly might be assumed, if we thought it important, that when the vessel was handed over to the prohibition director the liquor was no longer aboard and that the man arrested was not present at the scene. See *United States v. One Red Motor Truck,* 6 F. (2d) 412. The Circuit Court of Appeals while agreeing with the above construction of § 26 held that the Government might adopt the seizure and give it retroactive effect. This is in accord with *United States v. Story,* 294 Fed. Rep. 517, (Fifth Circuit) but contrary to *United States v. Loomis,* 297 Fed. Rep. 359 (Ninth Circuit); this last decision being considerably

qualified, however, by the same Court in the later case of *United States* v. *One Studebaker Seven-Passenger Sedan,* 4 F. (2d) 534.

The Circuit Court of Appeals relied on the often quoted language of Mr. Justice Story in *The Caledonian,* 4 Wheat. 100, to the effect that anyone may seize any property for a forfeiture to the Government, and that if the Government adopts the act and proceeds to enforce the forfeiture by legal process, this is of no less validity than when the seizure is by authority originally given. The statement is repeated by the same judge in *Wood* v. *United States,* 16 Pet. 342, 359, and *Taylor* v. *United States,* 3 How. 197. See also *Gelston* v. *Hoyt,* 3 Wheat. 246, 310. The owner of the property suffers nothing that he would not have suffered if the seizure had been authorized. However effected, it brings the object within the power of the Court, which is an end that the law seeks to attain, and justice to the owner is as safe in the one case as in the other. The jurisdiction of the Court was secured by the fact that the *res* was in the possession of the prohibition director when the libel was filed. *The Richmond,* 9 Cr. 102. *The Merino,* 9 Wheat. 391, 403. *The Underwriter,* 13 F. (2d) 433, 434. We can see no reason for doubting the soundness of these principles when the forfeiture is dependent upon subsequent events any more than when it occurs at the time of the seizure, although it was argued that there was a difference. They seem to us to embody good sense. The exclusion of evidence obtained by an unlawful search and seizure stand on a different ground. If the search and seizure are unlawful as invading personal rights secured by the Constitution those rights would be infringed yet further if the evidence were allowed to be used. The decree of the Circuit Court of Appeals is affirmed.

*Decree affirmed.*