## UNITED STATES v. ONE CHEVROLET SEDAN.

First Division.    Ketchikan.    April 4, 1927.

No. 967–KA.

**1. Customs duties ☞130(3)—Forfeitures—Intoxicating Liquors.**

Where intoxicating liquors are smuggled into the United States in violation of its laws, any boat or other vehicle used in violation of such laws is subject to forfeiture.

**2. Customs Duties ☞130(3)—Forfeiture—Automobile Used in Smuggling.**

The driver of an automobile carried intoxicating liquor on his person, but transported himself and the liquor in the vehicle. *Held,* the automobile was subject to forfeiture, notwithstanding the driver was convicted of possession of the identical liquor.

**3. Customs Duties ☞126—Searches and Seizures—United States Marshals.**

Two deputy United States marshals arrested the driver of an automobile and seized intoxicating liquor in his possession in the vehicle for transportation. *Held,* on objection that the seizure was void, that it is well settled that the United States may adopt a seizure made by unauthorized persons.

The United States, on October 25, 1926, filed a libel of information for the forfeiture, under the provisions of sections 3061 and 3062 of the Revised Statutes (19 USCA §§ 482, 483), of one Chevrolet sedan, which was seized by the deputy United States marshal at Ketchikan, alleging that there were concealed therein three quarts of Hermitage whisky, one quart of Gordon dry gin, and four quarts of Perfection Scotch whisky, all of which were subject to customs duty. A monition was duly issued out of court, and C. J. Griffiths appeared, claiming the automobile, and, answering the allegations of the libel, specially denied that the liquor mentioned, or any liquor, was concealed in the car set forth in the libel, and alleged that the same was taken from the person of the driver of the car, and denied generally all the other allegations set forth in the libel. The claimant further alleged that the driver of the car was his employee, and that the automobile was not used as a place where liquor was stored or concealed, as alleged in the libel, and that it was never used for the transportation of liquor. He further alleged that, at the time of

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the seizure, the automobile mentioned was not in motion, and had not been used for the transportation of the liquor described in the libel, or at all; that the operator of the automobile, one William Frame, was arrested and charged in this court with the crime of possession and transportation of liquor, in violation of the Alaska Bone Dry Law; that he pleaded guilty to the charge of possession of the liquor described in the libel of information herein, and that the charge of transportation was dismissed in court.

A hearing was had before the court on the 2d day of March, 1927, a jury trial having been waived by the claimant. The two witnesses testifying on behalf of the United States are Deputies Kuckenbacher and Pickett. They testified to the effect that on the evening of October 10, 1926, they observed a person, whom they afterward learned to be William Frame, approaching the automobile mentioned from the shores of Tongass Narrows in New Town, a part of Ketchikan, carrying what appeared to be bottles of intoxicating liquor; that they followed him to the automobile, and they found concealed in and about his person in the automobile the whisky described in the libel; that he was settled in the car and attempting to start the engine when the officers arrived, and that the liquor described was on his person in the car. The liquor seized was introduced in evidence, and consisted of three quart bottles of old Hermitage whisky, one quart bottle of Gordon dry gin, and four quart bottles of Perfection Scotch whisky. The bottles of old Hermitage whisky, which is a domestic product, had export revenue stamps of the United States over their mouths, stating that they were bottled for export. The Gordon dry gin and the Perfection Scotch whisky bore labels showing that they were of foreign manufacture.

At the conclusion of libelant's testimony, the claimant moved to dismiss because of insufficient evidence to justify a forfeiture. The motion was denied, and thereupon the claimant was sworn and testified that he was on October 10, 1926, the owner of the car described in the libel; that one William Frame was the driver of the car in his employ. The deputy clerk of the court testified that Frame pleaded guilty to the charge of possession of the intoxicating liquor found on him on October 10, 1926. A. H. Ziegler, attorney for the claimant, testified that he was attorney for Frame, the driver of the

car in question, who was arrested on that day, charged with the possession of the liquor described; that the liquor described in the libel was the identical liquor for the possession of which Frame was arrested and pleaded guilty to the charge of possession. No testimony was submitted by the claimant, showing his want of knowledge of the possession of the liquor by Frame, or his want of knowledge that the same was concealed in the automobile. The claimant thereupon renewed his motion to dismiss the libel, and requested the privilege of submitting a brief, which was granted.

H. D. Stabler, Asst. Dist. Atty., of Juneau, for the United States.

A. H. Ziegler, of Ketchikan, for respondent.

REED, District Judge. The brief is now before me and has been carefully examined. Therein the claimant contends that there is not sufficient evidence before the court to justify the entering of a decree of forfeiture of the vehicle, because, first, there is no evidence that the liquor was concealed in the automobile; and, second, that there is no evidence that a tax or customs duty was due thereon; third, that the officers, the deputies, were not officers authorized to search and seize the automobile under section 3061 of the Revised Statutes; and, fourth, that the driver, one Frame, was convicted of possession of the identical liquor alleged to have been concealed in the automobile, and that therefore no forfeiture could be incurred under the statute pleaded.

Section 3061 of the Revised Statutes reads as follows:

"Any of the officers or persons authorized to board or search vessels may stop, search, and examine, as well without as within their respective districts, any vehicle, beast, or person, on which or whom he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law, whether by the person in possession or charge, or by, in, or upon such vehicle or beast, or otherwise, and to search any trunk or envelope, wherever found, in which he may have a reasonable cause to suspect there is merchandise which was imported contrary to law; and if any such officer or other person so authorized shall find any merchandise on or about any such vehicle, beast, or person, or in any such trunk or envelope, which he shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States, whether by the person in pos-

session or charge, or by, in, or upon such vehicle, beast, or otherwise, he shall seize and secure the same for trial."

Section 3062 of the Revised Statutes provides that:

"Every such vehicle and beast, or either, together with teams or other motive power used in conveying, drawing, or propelling such vehicle or merchandise, and all other appurtenances, including trunks, envelopes, covers, and all means of concealment, and all the equipage, trappings, and other appurtenances of such beast, team, or vehicle, shall be subject to seizure and forfeiture."

The labels on the Gordon dry gin and Perfection Scotch whisky indicate that the liquor was bottled in a foreign country. The bottles of the Hermitage whisky bear labels showing that this whisky is of domestic manufacture, but over the mouths of the bottles were export stamps of the Internal Revenue Service of the United States, showing that they were bottled at a distillery or bonded warehouse for export.

In my opinion, these facts create a presumption that the liquor seized was imported into the United States, especially in view of the fact that Ketchikan is the nearest port in Alaska to the port of Prince Rupert in the province of British Columbia, Canada, and that the liquor mentioned, it appears, had been taken from near the beach of Tongass Narrows, further increasing the likelihood that it had been imported from British Columbia and deposited there. This, coupled with the fact that no liquor may be imported into the United States without a special permit having been issued therefor by the Commissioner of Internal Revenue, under paragraph 813 of the Tariff Act of 1922 (42 Stat. 898 [19 USCA § 121]), and that under the Alaska Bone Dry Law the Commissioner of Internal Revenue cannot issue a permit for the importation of liquor into the territory, leaves no doubt in my mind that the duty provided for by section 8 has not been paid. See Commercial Credit Co. v. U. S., case 4916 (C. C. A.) 17 F.(2d) 902.

The contention that, because William Frame was convicted of possession of the identical liquor, and therefore that a forfeiture of the vehicle could not be had, is not tenable. Since the decision of the Supreme Court in United States v. One Ford Automobile (Nov. 22, 1926) 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, it seems to be well settled that the conviction of one for the unlawful possession of intoxicating liquor is not a bar to proceedings under section 3450 (26

USCA §§ 1181, 1182 [U. S. Comp. St. § 6352]). If it is not a bar to proceedings under section 3450, R. S., it cannot be a bar under sections 3061, 3062, R. S., as the disposition of the automobile is not involved in the conviction for possession only. Commercial Credit Co. v. United States, supra.

The contention that the deputies were not persons authorized to search and seize the automobile, and that the seizure made by the deputies was a void act, is also not tenable, as it is well settled that the United States may adopt a seizure made by unauthorized persons. See U. S. v. One Ford Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025 (November 22, 1926); Dodge et al. v. U. S., 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392 (November 23, 1926); The Caledonian, 4 Wheat. 100, 4 L. Ed. 523.

The remaining contention, that the liquor was concealed about the person of the driver of the car, and therefore that the car is not forfeitable, because it was not concealed in the car, is also not tenable. The testimony is that the driver was in the car with the liquor and had the liquor concealed about his person therein. The fact that the driver was within the car, and had the liquor concealed in and about his person, does not in any way militate against the contention of the United States that the liquor was concealed in the car.

My conclusions, from the testimony in this case and the law as laid down by the Circuit Court of Appeals and the Supreme Court, is that the automobile in question is subject to forfeiture. Let a decree of condemnation be prepared accordingly.