UNITED STATES v. O'NEILL (BOISE-PAYETTE LAKES STAGE, Intervener).

District Court, D. Idaho, S. D.    May 4, 1927.

No. 1574.

1. Intoxicating liquors ⊜⇒246—Automobile, owned by partnership and used by partner in illegal transportation of liquor, held subject to forfeiture (National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]).

That two of three members of a partnership owning an automobile had no knowledge of, and did not consent to, its use by the third partner for illegal transportation of liquor, is not good cause shown for not decreeing its forfeiture, under National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm), on conviction of the third partner for the illegal transportation.

2. Criminal law ⊜⇒394—Evidence procured by state police office by search and seizure without warrant is admissible in federal prosecution.

That an automobile, while being used for illegal transportation of liquor, was searched and seized without a search warrant by a police officer, who turned it over to federal agents, does not preclude use of the evidence so obtained in prosecution in the federal court, nor in proceeding for forfeiture of the automobile, under National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm).

Proceeding by the United States for forfeiture of automobile against W. A. O'Neill, with the Boise-Payette Lakes Stage, a partnership, as intervener and claimant. Decree of forfeiture.

H. E. Ray, U. S. Atty., and Sam S. Griffin, Asst. U. S. Atty., both of Boise, Idaho, for the United States.

T. S. Risser, of Boise, Idaho, for intervener.

CAVANAH, District Judge. This is a proceeding brought by the United States for the condemnation and forfeiture of an automobile under section 26 of title 2 of the National Prohibition Act. Comp. Stats. Ann. Supp. 1923, § 10138½mm. The Boise-Payette Lakes Stage, a copartnership composed of H. O. Monson, E. E. Smith, and the defendant W. A. O'Neill, appeared as claimant by the filing of its petition in intervention, and asked the court for an order returning the machine to it, for the reason that neither the partnership nor the two members, Monson and Smith, had any knowledge of or gave their consent that the machine was to be used in the unlawful transportation of liquor by the defendant O'Neill, a member of the partnership. It is further alleged in the petition that, while O'Neill was unlawfully transporting liquor in the machine, he was arrested and the automobile seized by a police officer of Boise, without a search warrant, who in turn delivered the same to a prohibition officer of the government, in whose custody it now is. The defendant was then charged in two counts in an information filed in this court with unlawfully possessing and transporting intoxicating liquor in the machine, to which he pleaded guilty and was fined. To the petition in intervention the government has demurred, and urges that the facts stated therein are insufficient to entitle interveners to the relief prayed for. The matter, therefore, will be decided upon the admitted facts stated in the petition.

[1] Section 26 of the National Prohibition Act provides that, whenever an officer of the law shall discover any person in the act of transporting, in violation of law, intoxicating liquor in any automobile or other vehicle, it shall be his duty to arrest the person in charge thereof and to seize the intoxicating liquor found therein. The section proceeds: "The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized," etc. The intention of the act is to be regarded, and in that view it will be seen that an automobile carrying liquor would clearly be within the terms of the law, and upon conviction of the person arrested the property seized shall be sold at public auction under order of the court, unless good cause to the contrary is shown by the owner. The burden is upon the owner to show good cause. Here the partnership, and two members thereof, assert ownership and insist that, although the wrongdoer has an interest in the machine and is a member of the partnership to the same extent as they each are, yet the machine should not be confiscated, but returned to the partnership, in which the wrongdoer has an interest. What then shall become of the interest of the defendant in the machine, in whose possession and control it was intrusted by the partnership, and who used it in violation of the law? Should it be returned?

The answer is that, should it be held that whenever two members of a partnership, composed of three members, say that the

third member had the right and permission of the partnership to possess and use their property, and when in doing so used the same in violation of law, contrary to their instructions, good cause is shown, would open wide the door to collusion and evasion of the law. Should such an interpretation be placed upon this statute, two or more persons who desired to engage in the transportation of liquor could own a machine together, under a claim of "partnership," and one of them could devote it to illegal service, and then escape forfeiture of their property under the contention that two of them had no knowledge of the unlawful use of the property. It should be remembered that one of the owners of the machine in controversy certainly had full knowledge that it was devoted to the transporting of liquor, which is sufficient to show knowledge upon the part of the partnership. The placing of its property in the possession of one of its members, who is a part owner, with authority to use it, binds the partnership as to whatever use such property is put to; otherwise, it would be impossible to apply this law to a partnership, unless all the partners participated in the illegal act.

The authorities cited by intervener to the effect that an owner of a machine, who loaned it to another, who transported intoxicating liquors therein, is entitled to a return of the machine, where the owner had no knowledge of the purpose of the other, are not analogous to the present case, for the reason that we have here a case where one of the owners of the machine, having full authority from the other owners to use it, has used it in violation of law.

[2] The further contention of intervener that the taking of the machine without a search warrant and without probable cause by the city policeman, who in turn delivered the same to the prohibition agent of the government, was illegal, would seem to be settled in the recent decision of the Supreme Court adversely to such contention. The search of the machine here was not a federal one, nor did the federal officers participate in it in any way. All of the evidence was obtained by a policeman of the city, and such evidence is admissible in federal courts in a trial arising out of evidence so obtained, and where a search and seizure of property is involved. This is now recognized by the Supreme Court as the correct doctrine in the case of Byars v. United States, 47 S. Ct. 248, 71 L. Ed. ——, and in the case of Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. ——.

Upon the facts as disclosed in the petition, I am of the opinion that good cause is not shown by the intervener to exonerate the automobile from condemnation and forfeiture. Therefore the demurrer will be sustained, and the usual order for condemnation and sale of the automobile will be entered.