## UNITED STATES v. WALKER.
## SAME v. PRATER et al.
### Nos. 6301, 6361.

District Court at Chattanooga, Tennessee.
May 8, 1930.

W. J. Carter, U. S. Atty., of Johnson City, Tenn.

H. W. Schoolfield, of Chattanooga, Tenn., for defendant Walker.

Thomas Crutchfield, of Chattanooga, Tenn., for defendants Prater and another.

TAYLOR, District Judge.

In each of these cases police officers of the city of Chattanooga arrested the defendant and seized the vehicle in which it is alleged intoxicating liquor was being transported in violation of law. Motions have been filed to suppress the evidence procured and to return the property seized. The grounds of the motion will appear hereinafter. To these motions no apt pleading has been filed by the district attorney, but proof has been introduced touching the issue of fact assumed to have been raised, and briefs have been filed by the parties.

The matter might be disposed of upon technical grounds, but since the motions have been treated as raising serious and important questions, I shall undertake to decide them.

The questions briefed are: (a) May police officers under the facts of these cases testify touching liquor seized by them; (b) may the United States forfeit under the provisions of title 2, § 26, of the National Prohibition Act (27 USCA § 40), automobiles seized by police officers in any event where they are later surrendered to agents of the United States; or (c) may the United States, under the facts of the present case, forfeit, under the provisions of title 2, § 26 of the National Prohibition Act (27 USCA § 40), automobiles seized by police officers and later surrendered to officers of the United States, or if not under the provisions of the National Prohibition Act, may forfeiture be had under Rev. St. § 3450 (26 USCA § 1181).

There is no conflict in the testimony introduced as to the facts of the case. The controversy grows out of the proper and necessary inference arising therefrom and the law applicable thereto. Briefly, the facts are that police officers of Chattanooga, in the enforcement of the statutes of the state of Tennessee and municipal ordinances of the city of Chattanooga, customarily arrest persons engaged in the transportation of intoxicating liquor, and in most instances seize, at least temporarily for evidential or other purposes, the means used for the unlawful transportation. Sometime prior hereto automobiles so seized were, when considered of sufficient value, turned over to officers of the United States to be proceeded against under either the provisions of title 2, § 26, of the National Prohibition Act, or section 3450 of the Revised Statutes. By reason of some understanding or misunderstanding, this practice seems to have for some time been abandoned, and automobiles seized by police officers surrendered either to the person transporting liquor therein, or to the owner of the vehicle, upon proper showing. Some months ago the commissioner of fire and police of the city of Chattanooga called this situation to the attention of the then United States attorney, and was advised, in response to his letter, that there was no reason why, in cases in which automobiles were seized by police officers, they should not thereafter notify officers of the United States of such seizure, so that if it seemed desirable such vehicles might be proceeded against under the provisions of appropriate federal statutes. Since the interchange of this correspondence, the practice has been, as shown by the evidence, that when such seizures were made by police officers, agents of the United States conveniently located would be notified of such seizures, and the automobiles placed in storage, with instructions to the garage to hold same, either pending further orders, or for the United States. Thereafter some officer charged with the enforcement of the National Prohibition Act would examine the automobile, and if it seemed desirable, would adopt the seizure made by the police officer and proceed both against the vehicle and the person arrested, as using same for the unlawful transportation. In some cases no prosecution would be instituted in the state court against the offender, and in some cases prosecution would be instituted in both jurisdictions. It does not appear from the evidence that any arrest, search, or seizure was made by any police officer, and particularly in the two cases here involved, that would not have been made by such officer in the absence of any understanding with federal authorities with reference to the disposition of the vehicle.

It appears in evidence, and the court would otherwise take judicial knowledge of the fact, that there is no state statute in Tennessee authorizing the forfeiture of vehicles used in the transportation of liquor in violation of state law. There is a Tennessee statute making the transportation of intoxicating liquor in any quantity an offense, and in quantities in excess of one gallon a felony.

The question whether the National Prohibition Act, as amended, has repealed section 3450, R. S. because directly in conflict with its provisions, is not material here, though apparently settled in United States v. One Ford Coupé, 272 U. S. 321, at page 325, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. While it may be a different situation would have been presented had the government elected to proceed under the provisions of section 3450, Rev. St. (26 USCA § 1181), it seems settled that having instituted criminal proceedings against the transporters under the provisions of the National Prohibition Act, it must follow the same course with reference to the offending vehicle, unless it may be that election would not control if but one remedy existed and that under section 3450.

As to proposition (a), the evidence was not entirely satisfactory as to whether the facts surrounding the searches and seizures involved were such as to be held reasonable under settled federal authority. The question then is: Was there such understanding or co-operation between the federal and police officers as that the latter were acting under federal authority. In the case of Timonen v. United States, 286 F. 935 (C. C. A. 6th Circ.), it was held in a case in which no seized vehicle was involved that: "The acceptance and use by the federal government of evidence which the state agents have seized is not retroactive to make the seizure a federal act, and proof that the state police were co-operating with the federal agents, and turned over to them those cases which, like this, the police thought appropriate for prosecution under the Volstead Act (41 Stat. 305 [27 USCA]), falls far short of showing that they were representing the United States government in making this arrest and seizure. Hence the Fourth and Fifth Amendments do not apply." The case contains this further statement, however: "Their acts were equally pertinent to the enforcement of the Michigan statute." It is urged in the present case that under the doctrine of the Gambino Case (Gambino v. United States, 275 U. S. 310, 48 S. Ct. 137, 139, 72 L. Ed. 293, 52 A. L. R. 1381) this observation makes it clear that since there is no Tennessee statute authorizing the seizure of vehicles, the acts of police officers so seizing are necessarily solely for the purpose of aiding in the prosecution of the federal statute touching forfeiture, and therefore that the Timonen Case has no application, or if it is applicable, is at least, by inference,

authority in support of the motion. This, then, brings us to a discussion of the question whether the seizure by police officers was, under the record here presented, solely as an aid to federal enforcement. In the Gambino Case there was no state statute authorizing arrest, search, or seizure of persons known to be transporting intoxicating liquor, and the action of the state troopers was through a misunderstanding or misconception of the federal statute, in that they believed under its provisions they were required to enforce the National Prohibition Act. In this situation, the Supreme Court held they were necessarily acting solely as federal agents.

It is not necessary to discuss the effect of section 1014, Rev. St. (18 USCA § 591), in connection with title 2, § 2, of the National Prohibition Act (27 USCA § 11), on the question of contemplated co-operation between state and federal governments in the enforcement of the latter act, because that question is not relevant to the present factual situation. The Gambino Case, supra, is authority in this case only in the event it appears from the facts that the police officers acted solely for the purpose of aiding in the federal prosecution.

Police officers in the city of Chattanooga are charged with the duty of enforcing state statutes prohibiting liquor transportation, and to arrest persons committing such offenses in their presence or believed by them to be engaged in such breaches of the peace, and to search the person of offender so arrested and property immediately under his control. As an incident to such arrests and searches, the seizure of personal property used as an instrumentality for the commission of the offense cannot, in the absence of the clearest evidence, be held to be solely in aid of federal prosecution. If the arrest, search, and seizure be unlawful, but not at the instance of federal authority, then the Fourth and Fifth Amendments to the Constitution have no application. Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177. See Dodge v. United States, 272 U. S. 530, 532, 47 S. Ct. 191, 71 L. Ed. 392. In Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159, it was held that the United States might use as evidence documents procured without its participation or knowledge through the wrongful search made by a private individual. In the Gambino Case, supra, the court observed: "A law of the

state made criminal the acts with which the defendant was charged, and the seizure may have been made in enforcing the state law." I think that statement is applicable to the facts of the present cases.

I am of opinion that the evidence here does not show that the acts of the police officers were authorized by any federal official who had knowledge that the arrests, searches, or seizures were to be made. The most that can be said is that an understanding existed, under the terms of which police officers would notify federal officers of seizures made by them in the discharge of their duties in the enforcement of state law. The introduction of testimony by state officers under such circumstances is not a violation of defendant's constitutional rights, whether the evidence was procured upon probable cause or otherwise.

As to proposition (b), it is urged by the petitioners that section 26, title 2, National Prohibition Act (27 USCA § 40), forfeiting vehicles used in the transportation of intoxicating liquor, is inseparably coupled to and contingent upon the discovery by the Commissioner, his assistants or inspectors or some federal officer of the person in the act of transporting such liquor, and that therefore there can be no forfeiture thereunder, except in cases in which some authorized federal officer makes the discovery and seizure. I have found no Supreme Court decision directly in point, nor has any such been cited. It has been decided by the Supreme Court (Gambino v. United States, supra, 275 U. S. 311, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381) that "any officer of the law" refers to federal officers. See also United States v. Story (C. C. A.) 294 F. 517, 519. In the Story Case, supra (C. C. A. 5), Judge Grubb, delivering the opinion of the court, said: "The machinery of section 26, relating to the forfeiture of the offending vehicle, can as well be set in motion by a seizure by state officers, as can the prosecution of the offending person be commenced by an arrest of the person by state officers and state examining magistrates. There is no need to show that the vehicle proceeded against be still violating the law, after seizure by state officers, and when surrendered by them to the United States marshal. It is enough that it was offending, when its owner was arrested and his liquor and vehicle seized."

It cannot be denied that the section forfeits to the United States, subject always to the rights of innocent owners or lienors,

as declared therein, vehicles used for the transportation of intoxicating liquor. The procedure is pointed out in the section and the manner of distributing the net proceeds of any sale of the offending vehicle, and directs that "such officer," meaning such federal officer, shall proceed against the person arrested. It provides for the return of the vehicle to the owner under bond, and provides for the destruction of the liquor. The bond provided for in the act is conditioned that the principal shall return the property to the officer on the day of the trial, to abide the judgment of the court. The purpose of the National Prohibition Act and its various sections was, of course, to prohibit traffic in intoxicating liquor. I do not think it follows solely because the forfeiture provisions are coupled with mandates to officers of the United States applicable when such officer discover any person engaged in unlawful transportation, it is *only* in such cases that forfeiture results; but the language of the act seems to me to confer jurisdiction upon the court to order a sale only in cases in which a federal officer "shall discover any person in the act of transporting in violation of the law, intoxicating liquors * * * and shall arrest any person in charge thereof," and shall seize the vehicle. The court upon conviction of the person so arrested shall "order a sale * * * of the property seized." This is a proceeding only under title 2, § 26, National Prohibition Act (27 USCA § 40), and in its provisions I can see no right to forfeit, unless there be a seizure by a federal officer who has discovered the transportation.

The literal construction of title 2, § 26, was relaxed in the case of United States v. Commercial Credit Co. (C. C. A.) 20 F.(2d) 519, in a well-considered opinion written by Circuit Judge Parker, in which it was held that the arrest under the command of the statute of an offender while engaged in the transportation of intoxicating liquor by a federal officer did not necessarily require a prosecution of the offender under title 2, § 26, of the National Prohibition Act (27 USCA § 40), but that thereafter the district attorney might elect whether to proceed under the provisions of that section or of section 3450, Rev. St. (26 USCA § 1181). The case of Commercial Credit Co. v. United States, 5 F.(2d) 1 (C. C. A. 6), has no further application, having been in part reversed in principle by the Supreme Court in the case of United States v. One Ford Coupé, supra. In the case of United States v. Loomis (C. C. A.) 297 F. 359, at

542

page 360, the exact question here presented is decided favorably to the petitioners. In that opinion, after quoting the early part of the section, the court held that in using that language Congress confined the duty of seizure of automobiles to officers of the United States. With that construction of the statute I agree, but there is a distinction between a duty resting upon an officer to make an arrest, search, and seizure, and the later adoption of such arrest, search, and seizure made by one without either duty or authority so to do. I have seen no case except the Story Case, supra, and the case just above referred to, exactly in point. District Judge Neterer, in United States v. Hydes (D. C.) 267 F. 470, held that the seizure must be concurrent with the illegal transportation before the court had jurisdiction to enforce the forfeiture. This authority is neither in point nor controlling.

It is well settled under Rev. St. § 3450 (26 USCA § 1181), which is a differently worded statute, that the United States may adopt the seizure of an offending vehicle, though the seizure was made by one having no authority to do so, and with the same effect as if the seizure had originally been made by one duly authorized. United States v. One Ford Coupé, supra, at page 325 of 272 U. S., 47 S. Ct. 154. Section 3450 expressly declares the vehicle forfeited when used for the prohibited purpose, and in that particular is, of course, distinguishable from the section of the National Prohibition Act involved.

As to the question presented by proposition (c), the first question presented has been discussed, and whether in such cases as this section 3450 would be available is not now before me.

The motion to suppress the evidence in each of the above cases is denied, but orders for the surrender of the automobiles may be prepared for approval.