## THE SEA HAWK.
### No. 1383.

District Court, S. D. Texas, Galveston Division.
Nov. 10, 1930.

H. M. Holden, U. S. Dist. Atty., of Houston, Tex.

Louis Dibrell, of Galveston, Tex., for respondent.

HUTCHESON, District Judge.

The libel of forfeiture alleges three grounds: First, that the vessel was altered in form, rigging, and fitting, and no new license was thereafter procured; second, that the vessel smuggled foreign whisky from a point on the high seas in June, 1929, in September, 1929, and on or about October 5, 1929, and landed same in the United States in the Southern District of Texas; and, third, that the vessel was engaged in trade other than that for which she was licensed. The proof does not support the first ground of forfeiture, but the other two grounds are fully sustained.

The point is made against the forfeiture that the vessel, at the time of her seizure, was not engaged in smuggling operations, or in violation of the law, and that the court cannot in this proceeding declare her forfeited for past offenses.

That the decisions settle the law to the contrary I think brief quotations from some of them will show.

"The learned District Judge was in error in holding that the seizure must be lawful in its origin. The particular method used in bringing the vessel into the district of Connecticut was of no importance, in so far as the jurisdiction is concerned. As it appears that the res was in the possession of the collector when the libel was filed, it is sufficient to support the jurisdiction of the libel. * * * United States v. Story (C. C. A.) 294 F. 517." The Underwriter (C. C. A.) 13 F.(2d) 433, 434.

"The jurisdiction of the Court was secured by the fact that the res was in possession of the prohibition director when the libel was filed." Dodge v. U. S., 272 U. S. 532, 47 S. Ct. 191, 192, 71 L. Ed. 392.

"It is of no consequence whatsoever, what were the original grounds of the seizure, whether they were well-founded or not, if in point of fact, the goods are by law subjected to forfeiture." Wood v. U. S., 16 Pet. 342, 359, 10 L. Ed. 987.

In The Gemma (D. C.) 13 F.(2d) 149 and in The Muriel E. Winters (D. C.) 6 F.(2d) 466, 468, forfeitures were actually entered against vessels then in the custody of government officers for causes of forfeiture occurring before and wholly disconnected with the seizure. The jurisdiction of this court existing to enforce the title of the government to the vessel if forfeitable, and the facts existing to show that it had become forfeited, the United States should have its decree of condemnation and forfeiture, and it will be so ordered.