## THE HALCON.

### SAMUELS v. UNITED STATES.

### No. 6686.

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1933.

E. Howard M'Caleb, Jr., of New Orleans, La., for appellant.

Alexander C. Birch, U. S. Atty., and J. E. Meredith, Asst. U. S. Atty., both of Mobile, Ala.

Before BRYAN, FOSTER and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is a case of seizure and condemnation arising under the provisions of the Tariff Act of June 17, 1930 (19 USCA § 1001 et seq.). The appeal is from a decree in rem imposing penalties incurred by her master of $500, $18,813 (the value of her cargo), and $5,000 against the schooner, Halcon, for violations of sections 584 and 585 of the act (19 USCA §§ 1584, 1585), and forfeiting the vessel to the United States for a violation of said section 585.

The libel in substance alleged that the schooner, Halcon, of Spanish Honduran registry, was discovered on February 15, 1932, within the customs district of New Orleans, at a point 10½ miles from the shore, by chief boatswain's mate, Alvin McInnis, in command of the Coast Guard patrol boat, C. G. 170; that the vessel attempted. to escape and was pursued by the cutter and seized at a point about 12½ miles from the coast; that she was bound for the United States, had on board a cargo of intoxicating liquor, and her captain failed to produce a manifest as required by law; that she was taken to Mobile, Ala., and turned over to the customs collector of that district.

Appellant admits that the vessel was a rum runner, and the only assignment of error seriously urged is to the overruling of a plea to the jurisdiction. In support of this plea, appellant relies upon section 602 of the act (19 USCA § 1602), which provides inter alia that it shall be the duty of an officer seizing a vessel for a violation of the customs laws to report the seizure immediately to the collector of the district in which such violation has occurred and to turn over and deliver the vessel to him. This section must be construed to-

gether with section 585 of the act, which provides in substance that, when a vessel from a foreign port arrives within the limits of any customs collection district, and departs or attempts to depart therefrom, except under stress of weather or other necessity, without making report or entry, the master shall be liable to a penalty of $5,000, the vessel shall be subject to forfeiture, and any Coast Guard officer may cause the vessel to be arrested and brought back to the most convenient port of the United States. As the vessel was subject to forfeiture only under the provisions of section 585, the apparent conflict between that section and section 602 is immaterial in this case. The provisions of section 585 must prevail. Coast Guard officers are vested with discretion in determining what is the most convenient port. Furthermore, the taking of the vessel into port was but one of the steps in the course of her seizure. If there was any irregularity or even illegality in that, the United States could waive it and adopt the illegal seizure. Dodge v. U. S., 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392. As the ship was seized on the high seas and was first taken to Mobile, the District Court for the Southern District of Alabama had jurisdiction to entertain the libel and enter the decree. 28 USCA § 106. The other errors assigned require no discussion. The libel states good cause for the imposition of the penalties and forfeiture of the vessel. The evidence in the record is sufficient to support the allegations of the libel.

No reversible error appears.

Affirmed.