### UNITED STATES v. ONE FIVE-TON MACK TRUCK, SERIAL NO. 573856.

### No. 1384.

District Court, D. Delaware.
April 18, 1933.

Leonard E. Wales, U. S. Atty., of Wilmington, Del.

P. Warren Green, of Wilmington, Del., for claimant of truck.

NIELDS, District Judge.

The United States filed its libel seeking the forfeiture of a five-ton truck under section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182).

The facts have been stipulated. April 14, 1931 the truck was seized on the state highway by state highway police while being

used to transport approximately 248 5-gallon cans of intoxicating liquor. This liquor was subject to tax by the United States but no tax had been paid. Following seizure the truck with the liquor, other than a sample retained by state officers to be used as evidence against the operator of the truck, was voluntarily delivered to the deputy prohibition administrator in this district. The truck when seized was operated by Brown, an employee of Madeoy, a private carrier engaged in local and long distance hauling. May 28, 1931, the truck was released to one Sugarman, who claimed to be the owner having no notice or knowledge that the truck was being used to transport intoxicating liquor but believing it was being operated by Madeoy in the shipment of stationery. Brown, the operator of the truck, was prosecuted in the state court for unlawful transportation of intoxicating liquor by means of the truck. He pleaded "guilty" to that charge and was sentenced.

The crucial question is whether the truck is subject to forfeiture under section 3450, Revised Statutes, for defrauding the revenue, or only under section 26 of the National Prohibition Act.

Section 26, title 2, of the National Prohibition Act of 1919, c. 85 (27 USCA § 40) provides: "When * * * any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any * * * automobile * * * it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the * * * automobile * * * and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this chapter in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, * * * conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or oth-

erwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property."

The prosecution and conviction of Brown, the operator of the truck, in the state court did not prevent a forfeiture of the truck under section 26 of the National Prohibition Act. On the contrary, the facts of this case bring it clearly within the forfeiture provisions of that section. In Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 388, 74 L. Ed. 1016, 73 A. L. R. 1081, the person operating the automobile was arrested and arraigned before a United States commissioner on the charge of illegal transportation of intoxicating liquor, but the United States attorney did not proceed with the prosecution of that charge. He procured an indictment and secured the conviction of the person operating the automobile under section 3450 for removing and selling spirits with intent to defraud the government of the tax. Judgment of forfeiture of the automobile under section 3450 was reversed on the ground that the proceedings to forfeit should have been taken under section 26. "The objective of title 2, § 26," says the court, "is not the prosecution of the offender, elsewhere provided for, but the confiscation of the seized liquor and the forfeiture of vehicles used in its transportation, to the limited extent specified in the section. Every act which it enjoins on public officials is directed to that end."

Nor did the seizure of the truck by state officers preclude its forfeiture under section 26 of the National Prohibition Act. Our own Circuit Court of Appeals, in United States v. Charles D. Kaier Co., 61 F.(2d) 160, 162 declared: " * * * The fact that the res is brought within the power of the court is sufficient to confer jurisdiction to condemn. That has been true since the earliest times and distinguishes the procedure under section 26. Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392." In the Dodge Case a libel was brought by the United States to forfeit a motorboat under section 26 of the National Prohibition Act. Police officers of the city of Providence discovered a man in

the act of transporting intoxicating liquors in the motorboat. The officers seized the liquors and the boat and arrested the man. Subsequently the man was arrested by officers of the United States and convicted of unlawfully transporting intoxicating liquors. When the libel was filed the motorboat was in the custody of a federal prohibition director. The Supreme Court said: "The jurisdiction of the Court was secured by the fact that the res was in possession of the prohibition director when the libel was filed." Here the truck was in the possession of the deputy prohibition administrator in this district and proceedings to forfeit the truck should have been taken under section 26 of the National Prohibition Act.

The libel must be dismissed, and the bond of the claimant canceled.