## UNITED STATES v. DODGE TRUCK, MOTOR NO. T26—18638.

## SAME v. OLDSMOBILE SEDAN, MOTOR NO. L265167.

### Nos. 3836, 3827.

District Court, W. D. Pennsylvania.

March 17, 1938.

Zeno Fritz, of Pittsburgh, Pa., for defendant.

C. F. Uhl, U. S. Atty., of Pittsburgh, Pa.

SCHOONMAKER, District Judge.

Forfeiture libels were filed in these two cases for the purpose of having forfeited to the United States two automobiles alleged to have been used in connection with the removal, deposit and concealment of materials proper and intended to be used for, and in the making of distilled spirits, and also in the removal of distilled spirits in violation of the Revenue laws of the United States. The cases were heard on libel, answer and proofs.

We find from these that the two vehicles had been used in violation of Section 3450, R.S. 26 U.S.C.A. § 1441. At the particular time of their seizure on October 20, 1937, however, they were not being so used. The Oldsmobile Sedan, at the time of seizure by the Federal Revenue Agents, was parked on a public street in the Borough of Koppel, Pennsylvania. The Dodge truck was in a locked garage at Koppel, which the owner unlocked for the Revenue Agents upon their threat of breaking the lock, if the owner did not unlock the doors of the garage. At the time these agents had no warrant for the seizure of the vehicles.

On these facts, we conclude that the vehicles were subject to forfeiture by the United States.

Our first impression, on hearing the case, was that the Revenue Agents had no legal authority to seize these vehicles at the time they did, and therefore, the seizure being unlawful, there could be no forfeiture. There is authority for this view in Daeufer-Liberman Brewing Co. v. U. S., 3 Cir., 8 F.2d 1. However, in U. S. v. One Ford Coupé Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025, and Dodge v. U. S., 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392, the Supreme Court held that any one may seize property for forfeiture to the Government, and that, if the Government adopts the act and proceeds to enforce the forfeiture by legal process, this is no less valid than when the seizure is by authority originally given.

Mr. Justice Holmes, in Dodge v. U. S., supra, page 532, 47 S.Ct. page 191, gives the reason for this rule as follows: " * * * The owner of the property suffers nothing that he would not have suffered if the seizure had been authorized. However effect-

ed it brings the object within the power of the Court, which is an end that the law seeks to attain, and justice to the owner is as safe in the one case as in the other. The jurisdiction of the Court was secured by the fact that the res was in possession of the prohibition director when the libel was filed. The Richmond [v. U. S.], 9 Cranch, 102, 3 L.Ed. 670. The Merino, 9 Wheat. 391, 403, 6 L.Ed. 118. The Underwriter (C.C.A.) 13 F.2d 433, 434. We can see no reason for doubting the soundness of these principles when the forfeiture is dependent upon subsequent events any more than when it occurs at the time of the seizure, although it was argued that there was a difference. They seem to us to embody good sense."

We, therefore, conclude that any illegality in the act of seizure by the Revenue Agents would not defeat the forfeiture. Orders for judgment of forfeiture may be submitted in each case.