**HARMAN v. UNITED STATES.**

No. 6415.

United States Court of Appeals Fourth Circuit.

Argued June 20, 1952.

Decided Sept. 25, 1952.

J. Raymond Gordon, Charleston, W. Va., for appellant.

Philip A. Baer, Asst. U. S. Atty., Huntington, W. Va. (A. Garnett Thompson, U. S. Atty., Charleston, W. Va., on brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and PAUL, District Judge.

PARKER, Chief Judge.

This is an appeal in a proceeding instituted under 26 U.S.C. §§ 2831, 3116 and 3321, for the forfeiture of an automobile truck which it was alleged had been used to convey materials and necessary equipment to an illicit distillery by one Roy Harman. Lucille Harman filed an intervening petition claiming that she was the owner of the truck and that she had no knowledge that it was being used in violation of the internal revenue laws. A jury trial was had, and in response to issues submitted to them the jury found that the truck was used by Roy Harman to haul materials for use in making moonshine whiskey and that Lucille Harman knew or had reason to believe that it was being used for that purpose. Judgment of forfeiture was entered on this verdict and Lucille Harman has

appealed. Three questions are presented by the appeal: (1) whether the verdict is supported by the evidence; (2) whether it was proper to allow the government to cross examine one of its witnesses and to allow the jury to consider his testimony elicited by such cross examination as substantive evidence and not mere matter of impeachment; and (3) whether the proceeding for forfeiture could be maintained when it appeared that the truck had been turned over to a federal officer by a state officer, who had seized it when arresting Roy Harman without a warrant? We think that all of these questions should be answered in the affirmative.

■ There can be no real question as to the sufficiency of the evidence. A large moonshine still was discovered by officers near the home of Beverly French Harman in McDowell County, West Virginia, so situated that it could not well have been operated without the use of a truck for the purpose of conveying materials and utensils to a nearby point. Roy Harman was the son of Beverly French Harman and the brother of Newton Harman and Gratin Harman who were definitely shown to have been engaged with David Robert Stevenson in operating the still. There was evidence that Roy Harman was closely associated with Newton Harman, that he made frequent visits to the Beverly French Harman home and that he used a truck to haul sugar, middlings, grain, yeast and other supplies to a point near the distillery. No one connected with the distillery except Roy Harman had the use of a car or truck. The truck in question was bought and paid for by him and he operated it. Although the title was placed in the name of Lucille Harman, a girl to whom he was engaged to be married, she paid nothing towards purchasing it and had nothing to do with its operation, except that she frequently rode around in it with him. This evidence was clearly sufficient to take the case to the jury.

■ Equally lacking in merit is the contention with respect to the examination and testimony of the witness Stevenson. This witness had given a statement to government counsel to the effect that Roy Harman had hauled sugar, middlings, yeast and jugs on a Ford pick up truck to a point about 200 yards above the Harman house in the direction of the distillery. When called to the stand by the prosecution he gave testimony in conflict with this statement, whereupon counsel for the prosecution asked leave to cross examine him as a hostile witness. This was allowed and the witness admitted giving the statement and testified that it was the truth. The rule here applicable was laid down by this Court in Walker v. United States, 4 Cir., 104 F.2d 465, 470, quoting from the opinion of Judge Learned Hand in Di Carlo v. United States, 2 Cir., 6 F.2d 364, 368, as follows:

> "The latitude to be allowed in the examination of a witness, who has been called and proves recalcitrant, is wholly within the discretion of the trial judge. Nothing is more unfair than to confine a party under such circumstances to neutral questions. Not only may the questions extend to cross-examination, but, if necessary to bring out the truth, it is entirely proper to inquire of such a witness whether he has not made contradictory statements at other times. He is present before the jury, and they may gather the truth from his whole conduct and bearing, even if it be in respect of contradictory answers he may have made at other times."

■ There is nothing in the contention that the court erred in allowing the jury to consider the statement as evidence in the case instead of limiting it to impeachment of the testimony of the witness. When the witness testified that the statement was true it became a part of his testimony, and not mere matter of impeachment, and was to be weighed by the jury along with the other testimony he had given.

■ The third question is whether the proceeding for condemnation must fail because the truck was taken into possession for the purpose of the proceeding, not from Roy Harman or the claimant, but from state officers who had seized and searched it

when arresting Roy Harman without a warrant. No question is presented with respect to the admissibility of evidence obtained as the result of an unlawful search and seizure, for no such evidence was offered. Forfeiture is asked not on account of what was found at the time of seizure but of what had occurred prior thereto; and vehicles may be forfeited for violations of law occurring prior to seizure as well as when they are seized flagrante delicto. Two Certain Ford Coupé Automobiles v. United States, 5 Cir., 53 F.2d 187. The fact that the state officers may have had no authority to seize the truck when arresting Harman is immaterial, for they yielded possession to the federal authorities for the purposes of this proceeding; and it is well settled that "where property declared by a federal statute to be forfeited, because used in violation of federal law, is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized". United States v. One Ford Coupé Automobile, 272 U.S. 321, 325, 47 S.Ct. 154, 155, 71 L.Ed. 279; Dodge v. United States, 272 U.S. 530, 532, 47 S.Ct. 191, 71 L.Ed. 392. In the case last cited Mr. Justice Holmes thus states the rule applicable and shows that the rule excluding evidence obtained upon an unlawful search and seizure has no application:

"The Circuit Court of Appeals relied on the often quoted language of Mr. Justice Story in The Caledonian, 4 Wheat. 100, 4 L.Ed. 523, to the effect that anyone may seize any property for a forfeiture to the Government, and that if the Government adopts the act and proceeds to enforce the forfeiture by legal process, this is of no less validity than when the seizure is by authority originally given. The statement is repeated by the same judge in Wood v. United States, 16 Pet. 342, 359, 10 L.Ed. 987, and Taylor v. United States, 3 How. 197, 11 L.Ed. 559. See also Gelston v. Hoyt, 3 Wheat. 246, 310, 4 L.Ed. 381. The owner of the property suffers nothing that he would not have suffered if the seizure had been authorized. However effect-ed it brings the object within the power of the Court, which is an end that the law seeks to attain, and justice to the owner is as safe in the one case as in the other. The jurisdiction of the Court was secured by the fact that the res was in possession of the prohibition director when the libel was filed. The Richmond, 9 Cranch 102, 3 L.Ed. 670. The Merino, 9 Wheat. 391, 403, 6 L.Ed. 118. The Underwriter, 2 Cir., 13 F.2d 433, 434. We can see no reason for doubting the soundness of these principles when the forfeiture is dependent upon subsequent events any more than when it occurs at the time of the seizure, although it was argued that there was a difference. They seem to us to embody good sense. The exclusion of evidence obtained by an unlawful search and seizure stand on a different ground."

There was no error and the judgment appealed from will be affirmed.

Affirmed.