### UNITED STATES v. ONE 1947 FORD CLUB COUPE, MOTOR NO. 799A1714003.

#### Civ. No. 707.

United States District Court,
S. D. Mississippi, Hattiesburg Division.

Nov. 13, 1952.

Joseph E. Brown, U. S. Dist. Atty., Jackson, Miss., for the Government.

Pittman & Pittman, Hattiesburg, Miss., for claimants.

MIZE, District Judge.

The facts of this case are that on April 28, 1951, the local state officers searched the above mentioned Ford Coupe and found concealed therein non-taxpaid whiskey at Mt. Olive, Mississippi.

On May 2, 1951, the local officers went to Hattiesburg and reported the facts to the Alcohol Tax Unit. They, having obtained the facts from the state officers, concluded to adopt the case and to seize the car for being used in violation of the United States laws in that it had concealed therein tax unpaid whiskey. On May 3, 1951, an officer of the Alcohol Tax Unit went to Mt. Olive, Mississippi, and in company with the sheriff, the Alcohol Tax Unit seized the automobile, which was parked near a public street in Mt. Olive. He had no writ of seizure nor process of any kind. The sheriff remained in his own car but pointed out to the Alcohol Tax Unit representative the car in question. The government officer took the car into his possession, carried it to Hattiesburg, reported the facts to the United States District Attorney; and, on May 17, 1951, a libel was filed by the government seeking the forfeiture of the car.

The owner filed an answer and moved for a dismissal upon the ground that the officers had no search warrant nor any writ of seizure and, therefore, their conduct in seizing the car on May 3rd, was unlawful. The finance company intervened and asked for the allowance of its lien and showed that it had complied with the law with reference to the remission of forfeiture insofar as it was concerned. The above facts were stipulated.

There is authority to the effect that the seizure by the government officer was unlawful and that, therefore, the petition to forfeit the car should be denied and the car returned to its owner. However, the weight of the authority is to the contrary and I am of the opinion that the car should be forfeited.

Where the United States seizes an article subject to forfeiture, the fact that it was unlawfully seized by officers does not preclude the government from having such article forfeited. See Dodge v. United States, 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392; United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279. A full discussion of the various authorities is found in United States v. Eight Boxes Containing Various Articles, 2 Cir., 105 F.2d 896.

It is well settled that where the goods seized are subject to forfeiture and the res is brought into the custody of the court, that it is then immaterial that the officers were acting without authority. The United States may adopt the seizure with the same effect as if it had been made by one duly authorized to seize it.

An order may, therefore, be drawn forfeiting the car but allowing the claim of the finance corporation to the extent of its unpaid lien.