UNITED STATES of America, Plaintiff,

v.

TEN MISCELLANEOUS FIREARMS, Defendant.

No. CV. 84–0–397.

United States District Court, D. Nebraska.

Nov. 19, 1985.

Paul J. Jones, Asst. U.S. Atty., Omaha, Neb., for plaintiff.

Chief Justice, three members of the Senate and three members of the House of Representatives. *See* 20 U.S.C. § 42.

Timothy J. Cuddigan, Omaha, Neb., for defendant.

## MEMORANDUM OPINION

STROM, District Judge.

This matter is before the Court on plaintiff's motion for summary judgment (Filing No. 9).

This case involves an action for forfeiture of certain firearms, the subject of a conviction for possession of unregistered firearms which was reversed by the Eighth Circuit Court of Appeals by reason of an unconstitutional search and seizure. See *United States v. LeBron*, 729 F.2d 533 (8th Cir.1984).

Plaintiff asserts that it is entitled to summary judgment for the reason that claimant's answers to plaintiff's requests for admission (Filing No. 12) conclusively establish that the firearms at issue are contraband per se and subject to forfeiture under 26 U.S.C. §§ 5872 and 5861.

Claimant LeBron initially argues that there can be no forfeiture of the firearms without proof of illegal possession independent of the subject search, citing *Dodge v. United States*, 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392 (1926) and *John Bacall Imports, Ltd. v. United States*, 412 F.2d 586 (9th Cir.1969). Those cases deal with derivative contraband and are not applicable to the factual situation present here. Moreover, independent proof of claimant's illegal possession is provided by claimant's responses to requests for admission (Filing No. 12).

■ Claimant also argues that the firearms are not contraband per se and are thus protected from forfeiture by reason of the illegal search. The Court finds that claimant's proposition is without merit. Claimant first cites *Lowther v. United States*, 480 F.2d 1031 (10th Cir.1973), as support for his position. The holding in that case is not applicable to the factual situation here for the reason that the property at issue therein "was innocent and was not being used illegally." *Id.* at 1055. In contrast, claimant herein has admitted,

in response to requests for admission, that he was in illegal possession of the firearms. Claimant additionally cites *McKeehan v. United States*, 438 F.2d 739 (6th Cir.1971). The Court notes that the decision was expressly limited to its facts, *Id.* at 744–45, and subsequent decisions have construed the holding narrowly. See, e.g., *Bramble v. Kleindienst*, 357 F.Supp. 1028 (D.Colo. 1973), *aff'd*, 498 F.2d 968, 969 (10th Cir. 1974), *cert. denied*, 419 U.S. 1069, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974). Additionally, there is no intent requirement for violation of the National Firearms Act. *United States v. Freed*, 401 U.S. 601, 607, 91 S.Ct. 1112, 1117, 28 L.Ed.2d 356 (1971).

Claimant additionally alleges that, at the least, he should be entitled to compensation for the firearms. Again, *McKeehan*, supra, is cited as authority. As noted, the *McKeehan* decision is limited to cases involving the unusual circumstances set forth therein, and has no applicability absent those features.

■ The Court finds that the firearms at issue are contraband per se and subject to forfeiture. Claimant has admitted that the firearms are firearms within the meaning of the National Firearms Act, 26 U.S.C. § 5845, that he was in possession of the firearms and that they were unregistered (Filing No. 12). Accordingly, claimant's possession is in violation of the National Firearms Act. Contraband properties per se are "objects, the possession of which without more, constitutes a crime." *One Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) and *United States v. Farrell*, 606 F.2d 1341 (D.C.Cir.1979).

It is clear as a matter of law that plaintiff is entitled to summary judgment of forfeiture. The National Firearm Act clearly mandates that "[i]t shall be unlawful for any person ... to receive or possess a firearm which is not registered in the National Firearms Registration and Transfer Record....", 26 U.S.C. § 5861, and that "any firearm involved in any violation of the provisions of this chapter shall be sub-

ject to seizure and forfeiture....", 26 U.S.C. § 5872.

Summary judgment should be granted "only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. The pleadings and admissions on file show that plaintiff is entitled to judgment as a matter of law. Accordingly, an order in conformity with this memorandum opinion will be entered this date.