## RIEKER BREWING CO. v. UNITED STATES.
### No. 4691.

Circuit Court of Appeals, Third Circuit.
June 6, 1932.

Rehearing Denied July 6, 1932.

B. I. De Young and N. S. Winnet, both of Philadelphia, Pa., for appellant.

Edward W. Wells, U. S. Atty., and Howard Benton Lewis, Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree entered by the District Court for the Eastern District of Pennsylvania ordering 3,194 barrels of beer, seized under an attachment sur libel for condemnation, forfeited and destroyed. The appellant had been operating a brewery under a federal permit, covering the year 1930, but, during that year, the permit had been revoked by the prohibition administrator. There remained on hand in the vats on January 1, 1931, of the beer manufactured while operating under the permit, 3,765 barrels of more than one-half of 1 per cent. alcoholic content which had not been dealcoholized. On January 23, 1931, the Pennsylvania state police, acting under a state search warrant, seized all of the beer on the premises and the machinery and appurtenances used in its manufacture. The seizure was made without the knowledge or co-operation of the federal authorities. When the prohibition agents were notified of the seizure, they went to the brewery, adopted the seizure, and took the seized property into their possession. Upon metering the beer in the vats on February 2, 1931, there was found to be a shortage of 571 barrels of beer which was not accounted for by the appellant.

On March 9, 1931, a libel was filed on behalf of the United States for condemnation and forfeiture of the remaining quantity of beer and of the brewery equipment. The appellant on April 7, 1931, filed a motion to quash and set aside the search warrant and for the return of the property seized; on April 11, 1931, an answer to the libel; and on April 13, 1931, a motion to dismiss the libel and dissolve the attachment for want of jurisdiction of the subject-matter. After full hearing, a decree was entered ordering forfeiture of the beer, and dismissing the libel as to the brewery equipment.

Whether or not the filing of an answer was a waiver of the right to a hearing on the motion to quash need not be determined, for the trial proceeded without the production of the search warrant on the part of the United States and without its production being called for by the appellant.

It is contended on behalf of the appellant that the search warrant, under which the state police entered and searched the premises, did not show probable cause for its issuance, and that the seizure was therefore in violation of the Fourth Amendment of the Constitution of the United States. It is also contended that the execution of the search warrant was unlawful because the actual seizure made was unreasonable and unwarranted, in that the entire plant was seized and the appellant and its employees were denied admission to the premises.

A copy of the search warrant does not appear in the record. It was not attached to the motion to quash. There is therefore nothing in the record to sustain the appellant's contention that probable cause for the issuance of the search warrant was not shown or that the seizure was in violation of the Fourth Amendment to the Constitution.

It is unnecessary to pass upon the question whether the seizure of the brewery equipment was unlawful, in view of the fact that the court below dismissed the libel as to all the property seized, with the exception of the beer. The evidence fully supports the finding of the trial court that 571 barrels of beer had been unlawfully removed and diverted by the appellant.

The decree of the court below is affirmed.