**UNITED STATES v. CHARLES D. KAIER CO.**

No. 4737.

Circuit Court of Appeals, Third Circuit.

Aug. 3, 1932.

BUFFINGTON, Circuit Judge, dissenting.

Edward W. Wells, U. S. Atty., and Howard B. Lewis, Asst. U. S. Atty., both of Philadelphia, Pa.

B. I. De Young and N. S. Winnet, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal on behalf of the United States from an order and decree dissolving an attachment and setting aside a libel for forfeiture of beer and brewery equipment claimed by the appellee, claimant below. The record is scanty as to the facts, but from the briefs and from the statement of the attorneys at the argument, taken in connection with the record, they may be stated as follows:

The Charles D. Kaier Company, appellee, owned two buildings in Mahanoy City three blocks apart, a garage at South Main and West Vine streets and a brewery at Oak and Laurel streets. The appellee operated the brewery under a permit. On March 25, 1930, a search warrant was issued by a United States Commissioner against the garage, under the authority of which prohibition officers entered the premises and seized 56 half-barrels of beer and 8 arm rackers. The right of the prohibition authorities to seize that property is not disputed.

On the same day, without a search warrant, the officers entered the brewery and there found and seized 1,528 barrels of high-test beer, 525 barrels of cereal beverage, a large quantity of malt, and all of the brewery equipment and appliances on the premises. The United States thereupon on April 9, 1931, filed a libel, based upon this seizure, for forfeiture and condemnation not only of the beer and rackers found in the garage, but also of all of the high-test beer and all of the equipment found in the brewery, against which the search warrant was not directed.

The libel set out: That the beer and equipment seized was subject to condemnation and forfeiture under section 25 of title 2 of the National Prohibition Act (27 USCA § 39), in that the beer contained more than one-half of one per cent. of alcohol by volume and was fit for beverage purposes, and, at the time of seizure, was unlawfully possessed and used by the Kaier Company in violation of title 2 of the act; that, under the guise and pretense of complying with the terms of its permit and in violation thereof, the claimant manufactured and possessed high-powered beer for sale for beverage purposes without reducing the alcoholic content to one-half of one per cent. by volume; that it diverted, removed, transported, and disposed of the beer by preparing it for sale and propelling it through a pipe line from the brewery into the garage for delivery in barrels to purchasers; that the property other than the beer was liable to condemnation under section 25 of title 2 of the National Prohibition Act, in that it was designed for the manufacture of intoxicating liquor of illegal alcoholic content, and was held, possessed, and used by the Kaier Company in violation of section 25, title 2, of the act.

A writ of attachment sur libel was issued requiring the Kaier Company to show cause why the property seized should not be forfeited and condemned. No answer was filed. The Kaier Company, however, filed a petition to restore the property upon the grounds that it was the holder of a permit to manufacture cereal beverages, that the prohibition officers had entered and taken possession of its brewery premises, and ordered off all its employees, that the seizure of the premises and of the property thereon and their retention by the United States marshal was arbitrary and illegal, in that the seizure was made without a search warrant for the brewery premises, the only search warrant being directed against the garage three blocks distant from the brewery. The court ordered the property restored upon the petitioner giving bond, conditioned upon the return to the marshal, in the event of forfeiture and condemnation, of the property restored.

The court entered a decree dissolving the attachment and quashing and setting aside the libel, except as to the malt beverages and rackers found in the garage, against which alone the search warrant was directed. From that decree the United States has appealed.

■ Its contentions in support of its right to seize and forfeit must be considered in the light of the common-law rights of the citizen guaranteed by the Constitution and in the light of the Search and Seizure Act of June 15, 1917, tit. 11, § 1 et seq. (18 USCA § 611 et seq.). That act was a war-time measure, and we may assume that, under the exigencies of war-time necessity, Congress went as far as it was justified in doing in regulating the issuance of search warrants without infringing upon the constitutional rights of the citizens to be secure in their houses and property against unreasonable searches and seizures. The procedure was set out in the act with detailed and meticulous care. We may also assume that, when Congress framed section 25 of title 2 of the National Prohibition Act, authorizing the issuance of search warrants under the act of 1917 to effect the purposes of that section, it intended that in times of peace the constitutional rights of the citizen should have at least equal protection to that accorded in times of war. Congress did not provide that, in seizures of property being transported, a search warrant should be required. It may be assumed therefore that a seizure without a search warrant is not deemed unreasonable when there is cause to believe that contraband things are being unlawfully transported. In such case, the fact that the res is brought within the power of the court is sufficient to confer jurisdiction to condemn. That has been true since the earliest times and distinguishes the procedure under section 26. Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392. The right of seizure under section 25 is not to be interpreted by the provisions of section 26 of title 2 (27 USCA §§ 39, 40). There must be a rightful seizure in proceedings for forfeiture under section 25, as was held by this court in Daeufer-Lieberman Brewing Company v. United States, 8 F.(2d) 1. In the instant case the prohibition officers, having a search warrant for the garage, made a search of the brewery and seized the appellee's property therein, admittedly, without a search warrant. The inconsistency of the government's position is shown by the fact that in the libel the things which were actu-ally seized upon the brewery premises are alleged to have been seized under the authority of the search warrant directed against the garage and not against the brewery.

■■ The power to condemn or to declare a forfeiture must be found in the statutes, and such statutes must be pursued with reasonable strictness. Jurisdiction to condemn or otherwise dispose of intoxicating liquor or property designed for its manufacture is not inherent in the courts, but is statutory under the National Prohibition Act, title 2, § 25. Ghisolfo v. United States (C. C. A.) 14 F.(2d) 389. The above case cites with approval the ruling of this court in Daeufer-Lieberman Brewing Company v. United States, supra.

In United States v. Franzione, 52 App. D. C. 307, 286 F. 769, a proceeding under section 25, as here, the court held that seizure by search warrant was exclusive under the act. It was held to be a well-established rule of statutory construction that, when a law is enacted in derogation of the common-law rights of citizens, and, as part of the enactment, specific procedure is provided for its enforcement, the procedure must in general be regarded as exclusive. See Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

■ We deem it immaterial to the decision that the prohibition authorities have the right to inspect premises of breweries operated under a permit. The right to inspect does not include the right to seize for forfeiture. Seizure must be predicated upon a lawfully issued search warrant.

The decree is affirmed.

BUFFINGTON, Circuit Judge, dissents.