## SUPERIOR MFG. CO. et al. v. DORAN, Prohibition Com'r, et al.

District Court, D. New Jersey.
Nov. 10, 1932.

Harold Simandl, Sidney Simandl, and Harry Grossman, all of Newark, N. J., for complainants.

Samuel Cohen and Julian R. Eagle, both of Newark, N. J., for defendants.

FAKE, District Judge.

The corporation plaintiff herein was engaged in the business of brewing and selling cereal beverages under a permit to do so issued by authority of the National Prohibition Act (27 USCA). The individual plaintiffs are officers and stockholders of the corporation. The bill prays for a temporary injunction pending final disposition of the cause, which injunction was granted. It further prays for a final decree permanently restraining defendants and suppressing all evidence seized by them in a certain search. Issue was joined by answer to the bill and evidence was taken thereunder.

A squad of prohibition agents having their headquarters at Albany, N. Y., were engaged in tracing the source of certain beer which contained alcohol in excess of the limit fixed by law and which had been imported into their territory. Their investigations led them to Newark in this state. One of their number, Caffey by name, rented an apartment in the vicinity of plaintiff's brewery. He saw divers trucks enter a garage across the street from the brewery. He saw workmen entering and leaving the garage. He saw beer kegs on some of the trucks. He saw a man signal to some of the drivers. On one occasion he looked through the outer door of the garage and under a burlap curtain hanging on an inner door, and saw kegs in a lighted room beyond. He heard a noise that sounded like a racking machine. He noted an odor of beer in the street but could not say whether it came from the garage or from the nearby permit brewery. He got the odor around the garage. When asked if he could distinguish the odor of cereal beverage from real beer, he testified: "That would be a hard proposition unless you could get a glass close to your nose." When questioned as to whether he knew that the sound of the racking machine emanated from a machine engaged in racking high-powered beer, he answered: "No, I couldn't swear that was racking high-powered beer." There were other factors which came to the attention of the agent, but upon analysis they were nothing more than suspicions. The agent admitted on the stand that a certain affidavit made by him was sworn to without careful reading and that parts of it which had been inserted were untrue. This court had accepted the affidavit as true in the case of Plunkett v. Calhoun et al., 46 F.(2d) 796, and based its decision in that case upon it. It now appears that the court was misled in so doing.

I can come to no other conclusion here than that the entry into the garage, as well as the entry into the brewery, were for the purpose of raiding the same and not for the purpose of inspection as provided for in the permit. Agent Koehler testified in this connection as follows: "Q. What was the purpose of your visit to the Hensler Brewery on that day? A. To assist other special agents in conducting a raid at the premises." There is much other testimony to the same effect.

The rule laid down by this circuit in U. S. v. Charles D. Kaier Co., 61 F.(2d) 160, 162, filed August 3, 1932, must be followed. In that case the court said, after citing authorities: "We deem it immaterial to the decision that the prohibition authorities have the right to inspect premises of breweries operated under a permit. The right to inspect does not include the right to seize for forfeiture. Seizure must be predicated upon a lawfully issued search warrant." There was no search warrant in this case, and the effect of the above opinion is to upset the conclusions in Plunkett v. Calhoun.

A decree will be entered making permanent the preliminary injunction heretofore entered.