874

## HOLLENBACH v. UNITED STATES.
### No. 4924.

Circuit Court of Appeals, Third Circuit.

Feb. 4, 1933.

WELSH, District Judge, dissenting.

---

Jacob L. Aaron, of Philadelphia, Pa., for appellant.

Edward W. Wells, U. S. Atty., and Howard Benton Lewis, Asst. U. S. Atty., both of Philadelphia, Pa.

Before WOOLLEY and THOMPSON, Circuit Judges, and WELSH, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a decree ordering the sale of a five-ton Mack truck and the forfeiture and destruction of a motor pump, air compressor, beer racker, and other machinery and paraphernalia, together with a large number of beer barrels, all of which had been seized by federal prohibition agents upon the ground of alleged unlawful use and possession in violation of the National Prohibition Act. The decree was entered after a hearing upon libel, answer, and proofs. The seizure was made by virtue of a search warrant which, upon argument, was admitted to be invalid. The search and seizure were therefore not supported by any lawful warrant.

The learned District Judge in his opinion [1] held that the invalidity of the search warrant was immaterial since, under the authority of Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392, if the res is before the court, the court has jurisdiction to condemn and forfeit, even though the seizure was made without a valid warrant. Subsequent to the filing of the opinion and the entering of the decree, however, this court pointed out in United States v. Charles D. Kaier Company, 61 F.(2d) 160, 162, that in the Dodge Case the seizure was under the provisions of section 26 of title 2 of the National Prohibition Act (27 USCA § 40), and therefore that decision has no application to cases other than those involving transportation. We said in United States v. Charles D. Kaier Co., supra: "There must be a rightful seizure in proceedings for forfeiture under section 25, as was held by this court in Daeufer-Liberman Brewing Company v. United States, 8 F.(2d) 1."

In view of our ruling in the cases cited above, we are of the opinion that seizures under title 2, section 25, of the National Prohibition Act (27 USCA § 39), must be made under the authority of a valid search warrant.

In the instant case, the court below construed our decision in Rieker Brewing Company v. United States, 60 F.(2d) 88, as holding that a seizure without legal warrant will support a libel and give jurisdiction to the court to condemn and forfeit. It should be noted, however, that, although we affirmed the decree of the District Court in the Rieker Case, the ground upon which our conclusion was based was that, since there was no copy of the search warrant in the record and nothing there to show that the search warrant was invalid, we would not assume its invalidity.

We are of the opinion that the seizure made by federal prohibition agents under the invalid search warrant was in effect as unlawful as though made without a search warrant, and did not give jurisdiction to the court to forfeit and condemn.

The decree is reversed.

WELSH, District Judge, dissents.

---

[1] Not for publication.