**UNITED STATES of America**

v.

**Joseph B. MODICUT, Jr.**

**Crim. A. No. 78–88–A.**

United States District Court,
M. D. Louisiana.

Dec. 20, 1979.

James S. Lemelle, Asst. U. S. Atty., Baton Rouge, La., for plaintiff.

Sam J. D'Amico and Myron Walker, Jr., D'Amico & Curet, Baton Rouge, La., for defendant.

JOHN V. PARKER, Chief Judge.

This matter is before the Court on a motion by the government for destruction of property. The Court must decide whether certain "cents off" coupons seized by federal officials during their investigation into this criminal matter are subject to forfeiture. The government has requested that these coupons be destroyed as "derivative contraband."

On April 9, 1979, the defendant, Joseph B. Modicut, Jr., pled guilty to two counts of mail fraud, 18 U.S.C. § 1341. Defendant was sentenced.

Modicut was the owner of NEF–CO, a clearinghouse which was engaged in the business of collecting "cents off" coupons from retail stores, sorting them, and then shipping them to the manufacturers. Modicut paid the retail stores what they had given out to their customers and he, in return, was reimbursed by the manufacturers. The defendant was also paid five cents for each coupon he handled.

Modicut's troubles started when he began to "pad" the coupons which he sent to the manufacturers. Instead of shipping only those coupons which he had received from the stores, Modicut bought local newspapers and clipped out extra coupons. These coupons were added to the others enabling the defendant to reap enhanced profits because the manufacturers would reimburse Modicut the face value of the coupons plus his nickel.

It was the defendant's use of the mail to further this illegal scheme which brought in the federal officials. After completing their investigation, postal agents arrested Modicut and seized several boxes of coupons. These coupons were located at the defendant's place of business, and they are the object of this motion. The coupons have been so commingled that neither the government nor the defendant can tell the legitimate coupons from the padded coupons.

■ After extensive research, the Court was unable to find any legislative authority which would authorize destruction of this property. The general rule, according to the textbooks, is that forfeiture is not favored and cannot be ordered except in accordance with specific statutory authorization.

> "To be incurred, forfeitures must be within the letter and spirit of the law. Since forfeitures are not favored, see supra § 4b, they will not be given effect to, except by the express terms of a statute or by necessary implication flowing from some express provision of statute, and where the facts which purport to require such action come clearly and plainly within the provisions of the law. They will be applied only in clear cases, and will not be implied or adjudged on doubtful grounds. The procedure prescribed by statute is in general exclusive and in a sense jurisdictional. Statutes authorizing a forfeiture must be pursued with reasonable strictness." (37 C.J.S. Forfeitures § 5, p. 10)

In *United States v. Charles D. Kaier Co.,* 61 F.2d 160 (3rd Cir. 1932), the Court of Appeals stated:

> "The power to condemn or to declare a forfeiture must be found in the statutes, and such statutes must be pursued with reasonable strictness. Jurisdiction to condemn or otherwise dispose of intoxicating liquor or property designed for its manufacture is not inherent in the courts, but is statutory under the National Prohibition Act, title 2, § 25." (61 F.2d at 162)

■ Our research has disclosed many statutes which authorize forfeiture, but none apply to this crime or to these coupons. These statutes include the Internal

Revenue Code, 26 U.S.C. § 4733 and others; the narcotics laws, 21 U.S.C. § 881; the gambling laws, 15 U.S.C. § 1177; weapons, 18 U.S.C. § 924; and customs, 19 U.S.C. § 1584. This list is, of course, not inclusive, but it does indicate the necessity of specific legislative authorization for forfeiture. The government has cited no statute authorizing destruction. Sections 3001 and 4001 of Title 39 are the only statutes we have found which arguably could apply. Section 4001 reads:

"§ 4001. Nonmailable matter

"(a) Matter, the deposit of which in the mails is punishable under sections 1302, 1341, 1342, 1461, 1463, 1714, 1715, 1716, 1717, or 1718 of title 18, is nonmailable.

"(b) Except as provided in section 4002 of this title, nonmailable matter which reaches the office of delivery, or which may be seized or detained for violation of law, shall be disposed of as the Postmaster General directs. Pub.L. 86–682, Sept. 2, 1960, 74 Stat. 654."

Section 3001 is to the same point. While the coupons are probably "nonmailable matter," these sections do not clearly authorize forfeiture by order of this Court.

The Court has examined numerous cases dealing with forfeitures. With one exception, all of the cases found were based on statutes specifically authorizing forfeiture. There are two Supreme Court decisions generally cited for the proposition that contraband is subject to seizure. These cases are *Trupiano v. United States*, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948), and *United States v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951). However, these cases deal with violations of the Internal Revenue Code and the drug laws which allow forfeiture. The language in these opinions is quite broad ("But since this property is contraband, they have no right to have it returned to them," *Trupiano, supra* 68 S.Ct. at 1235), but considering the fact that violations of these two statutes were involved, the cases do not support non-statutory forfeitures.

The cases listed by the government in its memorandum in support of this motion do not support the action it urges the Court to take. *United States of America v. One 1972 Datsun, Vehicle Identification No. LB1100355950*, 378 F.Supp. 1200 (D.N.H. 1974), is a drug case with the forfeiture being authorized by 21 U.S.C. § 881. *Lipscomb v. Stewart*, 436 F.Supp. 863 (S.D.Ala. 1977), dealt with a state forfeiture statute. The other cases found in the government's memorandum are opinions concerned with Rule 41(e) of the Rules of Criminal Procedure. That article is entitled "Search and Seizure" and Section (e) deals with the procedure to be followed by a defendant after an illegal search and seizure.

The only case found which allowed forfeiture without specific statutory basis is the Second Circuit's decision in *United States v. Wild*, 422 F.2d 34 (2nd Cir. 1969). That case involved the mailing of obscene pictures in violation of 18 U.S.C. § 1461. The Court ordered the forfeiture of the pictures, but the only authority cited was the *Trupiano* case. As stated before, that case does not support the Court's action.

*King v. United States*, 292 F.Supp. 767 (D.Colo.1968), is illustrative of our present situation. The plaintiff in this suit claimed to be the owner of the guns used by Oswald to kill President Kennedy and Officer Tippit. The United States wanted these weapons forfeited. The District Judge there commented:

"Under the peculiar facts of this case, one would suppose that under some principle of common law or at least natural law or natural justice, weapons used in the commission of a crime of this magnitude would be subject to forfeiture by the proper authorities and, certainly, that property of this character would not be subject to commercial traffic. It is, therefore, somewhat astonishing to discover that there is not any such principle and that forfeiture is a matter of statutory regulation." (292 F.Supp. at 771)

The Court then decided that the government could get the guns only through condemnation proceedings with just compensa-

tion due to the owner. See, also, *King v. United States*, 364 F.2d 235 (5th Cir. 1966).[1]

Since the government has cited no statutory authority which would allow the destruction of these coupons, the motion is DENIED, reserving to the government the right to present an additional motion on behalf of the postal authorities if 39 U.S.C. §§ 3001 or 4001 are deemed applicable.

---

1. *United States v. Farrell*, 196 U.S.App.D.C. 434, 606 F.2d 1341 (D.C.Cir. 1979), contains an in-depth discussion of the whole subject of "contraband."